◼ In the Matter of FRIENDS OF THE PINE BUSH et al., Appellants, v PLANNING BOARD OF THE CITY OF ALBANY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 11, 1978 in Albany County, which dismissed, on an objection in point of law, petitioners' application, in a proceeding pursuant to CPLR article 78, seeking a judgment declaring null and void all action taken by respondent Planning Board of the City of Albany at a meeting held on July 17, 1978, or in the alternative declaring that respondent Planning Board of the City of Albany acted in an arbitrary manner and abused its discretion. Following two public hearings held on applications for approval of two subdivision plats in that area in the City of Albany known as the Pine Bush, the Planning Board of the City of Albany approved both subdivision plats at a meeting held on July 17, 1978. The petitioners, an unincorporated association called Friends of the Pine Bush and five individuals who are members of the association and reside in the City of Albany, commenced this proceeding to annul the planning board's action in approving the plats. The petition alleged that the planning board failed to comply with article 7 of the Public Officers Law; that the regulations, upon which the approvals were based, were not properly enacted; and that the planning board acted in an arbitrary and capricious manner and abused its discretion when it approved the plats. The planning board in its answer denied the material allegations of the petition and asserted that the petitioners lacked standing to bring this proceeding. Special Term dismissed the petition on the ground that none of the petitioners had standing, and this appeal ensued. Charged with

the duty of "providing for the future growth and development of the city" (General City Law, § 32), the planning board must consider the interests of all of the residents of the City of Albany in approving subdivision plats. As residents of the city, the individual petitioners are persons aggrieved by a decision of the planning board and thus have standing to bring this proceeding (General City Law, § 38; *Berenson v Town of New Castle,* 38 NY2d 102; *Suffolk Housing Servs. v Town of Brookhaven,* 63 AD2d 731). Our determination that the individual petitioners have standing does not mandate a similar conclusion regarding the association of which they are members *(New York State Rest. Assn. v State Tax Comm.,* 66 AD2d 977). Since there is no indication in the record as to the size or composition of the Friends of the Pine Bush, we cannot say that it has standing under the appropriate standards enunciated in *Matter of Douglaston Civic Assn. v Galvin* (36 NY2d 1). Accordingly, the judgment of Special Term should be modified and the matter remitted for a determination on the merits. Judgment modified, on the law, by reversing so much thereof as dismissed the petition of the individual petitioners because of lack of standing, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney and Kane, JJ., concur.

Staley, Jr., and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). To convert private land to a public use would require a public ownership, as found by Special Term, and the land herein is privately owned. Section 38 of the General City Law provides as follows: "Any person or persons, *jointly or severally aggrieved* by any decision of the planning board concerning such plat or the changing of the zoning regulations of such land, or any officer, department, board or bureau of the city, may obtain a review in the manner provided by the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board." (Emphasis added.) Special Term found that the petitioners had failed to demonstrate that they are aggrieved, as is required by the section, and we agree. The judgment should be affirmed. [96 Misc 2d 320.]