■ LOUIS D. LAPOLLA, as Mayor of the City of Utica, Respondent, v ANTHONY DE SALVATORE, Appellant, et al., Defendants.—

Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In March 1978 former Utica Mayor Stephen Pawlinga appointed respondent Anthony De Salvatore to the position of Commissioner of the Board of Water Supply of the City of Utica for the remainder of the term of a former Commissioner, which expired on December 31, 1978. On January 5, 1979 he reappointed respondent to this position for a term expiring on December 31, 1983. On November 8, 1983 petitioner was elected Utica Mayor for a two-year term commencing on January 1, 1984. On December 31, 1983 the then mayor Pawlinga reappointed respondent as Commissioner for a term commencing on December 31, 1983 and ending on December 31, 1988. Petitioner instituted this CPLR article 78 proceeding in the nature of mandamus to cancel and annul this last appointment. Special Term converted the proceeding to an action for a declaratory judgment, declared that respondent's term expired December 31, 1983, that after December 31, 1983 respondent continued in his office as a holdover pursuant to the Public Officers Law, and that petitioner was authorized to appoint a successor to fill the vacancy created when respondent's term expired.

Respondent contends on this appeal that Special Term erred in converting the proceeding and claims that petitioner's sole remedy is an action in the nature of quo warranto which must be brought by the Attorney-General (Executive Law § 63-b), and, in any event, that the appointment on December 31, 1983 was valid, the office having been vacant since December 31, 1978 because the City Charter of the City of Utica provides that members of the Board of Water Supply shall hold office for a period of five years from the date of their appointment; therefore, his reappointment on January 5, 1979 was null and void because he was appointed for a term of less than five years, i.e., January 5, 1979 through December 31, 1983, instead of through January 4, 1984. We disagree.

First, title to public office may be tried either through a quo warranto proceeding or, where questions of fact need not be determined, in an article 78 proceeding in the nature of mandamus (Matter of Dykeman v Symonds, 54 AD2d 159; see also, Matter of City of Mount Vernon v State of New York Bd. of Equalization & Assessment, 92 AD2d 985, lv denied 59 NY2d 606). Here, petitioner essentially seeks the determination of an issue of law which could properly be raised in an article 78 proceeding, i.e., is the office in question vacant? Mandamus, however, is ineffectual, since, until petitioner appoints a successor, respondent may continue to exercise the office of Commissioner as a holdover. Had

petitioner appointed a successor, his appointee would be entitled to bring an article 78 proceeding in the nature of mandamus to oust the respondent from office. In our view, however, petitioner should not be required to go through the formality of appointing a successor in order to obtain a judicial determination as to whether the office is vacant and so long as the declaratory judgment action is limited to resolving a question of law, it is an appropriate alternative to an article 78 proceeding and does not thwart the policies underlying the restriction of the remedy of quo warranto to actions brought by the Attorney-General.

Respondent contends that since his appointment on January 5, 1978 was not for a term of five years, he was not properly appointed and served as a holdover until December 31, 1983. If we assume this to be true, the appointment on December 31, 1983 was likewise invalid because the certificate of appointment describes his term as five years and one day. Thus, under respondent's own logic he was never properly appointed to office except for the initial appointment in March 1978, and since December 31, 1978 has continued in office as a holdover. In petitioner's view, respondent's appointments were valid but expired on December 31, 1983. In our view, in either case respondent is presently in office as a holdover under the Public Officers Law and, therefore, his "office shall be deemed vacant for the purpose of choosing his successor" (Public Officers Law § 5). This is the sole issue to be declared in this proceeding. Thus, we affirm the conversion of petitioner's article 78 proceeding to an action for a declaratory judgment and declare that respondent is a holdover and that the office is vacant for purposes of appointing a successor. (Appeal from judgment of Supreme Court, Oneida County, Tenney, J.—declaratory judgment.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp, JJ. [124 Misc 2d 788.]