[885 NYS2d 92]

DEAN G. SKELOS et al., as Duly Elected Members of the New York State Senate, Respondents, v DAVID PATERSON, as Governor of the State of New York, et al., Appellants.

Second Department, August 20, 2009

APPEARANCES OF COUNSEL

*Quinn Emanuel Urquhart Oliver & Hedges, LLP*, New York City (*Kathleen M. Sullivan, Faith E. Gay* and *Robert C. Juman* of counsel), and *Jaspan Schlesinger Hoffman LLP*, Garden City, for appellants (one brief filed).

*Lewis & Fiore*, New York City (*David L. Lewis, John Ciampoli* and *Elizabeth Colombo* of counsel), for respondent Dean G. Skelos.

*Michael J. Hutter*, Albany, amicus curiae pro se, and for Gerald Benjamin and others, amici curiae.

*Stroock & Stroock & Lavan LLP*, New York City (*Charles G. Moerdler, Alan M. Klinger, Jeremy Rosof, Danielle Alfonso Walsman* and *Benjamin I. Rubinstein* of counsel), for United Federation of Teachers and others, amici curiae.

*Arthur N. Eisenberg*, New York City, for New York Civil Liberties Union Foundation, amicus curiae.

*Paul, Weiss, Rifkind, Wharton & Garrison LLP*, New York City (*Daniel J. Kramer, Jacqueline P. Rubin, Kevin R. Reich* and *Brendan F. Quigley* of counsel), for the Partnership for New York City, Inc., amicus curiae.

*Weil, Gotshal & Manges LLP*, New York City (*Caitlin J. Halligan, Gregory Silbert, Dotan Weinman* and *Richard Briffault* of counsel), for Citizens Union of the City of New York and another, amici curiae.

## OPINION OF THE COURT

Per Curiam.

The principal issue presented on this appeal concerns whether the Governor has the authority, acting entirely on his own, to select and appoint an otherwise qualified individual to fill a vacancy in the office of lieutenant governor.

In November 2006, David Paterson was elected Lieutenant Governor of the State of New York on a ticket with Eliot Spitzer, who was elected Governor. On March 17, 2008, Governor Spitzer resigned and, by operation of law, Lieutenant Governor Paterson became Governor for the remainder of Governor Spitzer's term (*see* NY Const, art IV, § 5). Paterson's ascension to the office of governor created a vacancy in the office of lieutenant governor, and the parties agree that the office remained unfilled until

July 8, 2009. On that date, responding to the State's severe financial crisis and a continuing political dispute that deadlocked the State Senate and brought the operation of the legislative branch to a virtual halt, Governor Paterson appointed Richard Ravitch to be Lieutenant Governor. Mr. Ravitch accepted the appointment and delivered his oath of office for filing to the First Deputy Secretary of State that night.

The next day, the plaintiffs, Dean G. Skelos, a State Senator elected from the 9th Senatorial District, and Pedro Espada, Jr., a State Senator elected from the 33rd Senatorial District (hereinafter together the Senators), commenced this action in the Supreme Court, Nassau County. The complaint named as defendants David Paterson as Governor, Lorraine Cortes-Vazquez as Secretary of State, and Richard Ravitch as "putative nominee" for Lieutenant Governor. The Senators sought a judgment (1) declaring that the "acts" of Governor Paterson in appointing Mr. Ravitch were unconstitutional, and that the appointment itself was unconstitutional in all respects; (2) directing Ms. Cortes-Vazquez not to accept for filing any oath of office executed by Mr. Ravitch; and (3) enjoining the three defendants from taking any action to fill the office of lieutenant governor. The Senators also moved for a preliminary injunction prohibiting Mr. Ravitch from exercising any of the powers of the office of lieutenant governor, including presiding over the State Senate. The Governor, Ravitch, and Cortes-Vazquez jointly cross-moved to dismiss the complaint on the grounds that the matter was not justiciable, that the Senators lacked standing, and that a quo warranto proceeding by the Attorney General was the only permissible way to challenge the appointment of Mr. Ravitch. In the alternative, the defendants also moved to change the venue of the action from Nassau County to Albany County. The Supreme Court granted the Senators' motion and preliminarily enjoined Mr. Ravitch from exercising any of the powers of the office of lieutenant governor (25 Misc 3d 347 [2009]). The court also denied the defendants' cross motion to dismiss the complaint and their motion to change venue.

The Governor, Ravitch, and Cortes-Vazquez (hereinafter collectively the Governor) filed a notice of appeal and, by order to show cause, moved this Court for, among other things, a stay of enforcement of the Supreme Court's order pending the resolution of the appeal. By decision and order on motion dated July 30, 2009, this Court, inter alia, granted that branch of the motion which was for a stay to the extent of limiting the prelimi-

nary injunction so as to enjoin Mr. Ravitch only from presiding over, or exercising a casting vote in, the State Senate during the pendency of the appeal.*

We turn first to the threshold and related questions of whether a challenge to the Ravitch appointment may be brought by way of an action for a declaratory judgment and injunctive relief, whether the Senators have standing to bring such an action, and whether CPLR 6311 (1) presents a jurisdictional bar preventing the Supreme Court, Nassau County, from granting the requested relief.

■ The Governor contends that a quo warranto proceeding, brought by the Attorney General, is the exclusive method by which the lawfulness of the Ravitch appointment may be challenged. The common-law writ of quo warranto is now codified in Executive Law § 63-b (see Matter of Delgado v Sunderland, 97 NY2d 420, 424 [2002]). That statute provides in pertinent part that "[t]he attorney-general may maintain an action, upon his own information or upon the complaint of a private person, against a person who usurps, intrudes into, or unlawfully holds or exercises within the state . . . a public office" (Executive Law § 63-b [1]). Here, although the Attorney General issued a public statement on July 6, 2009, calling the Governor's proposed appointment of a lieutenant governor "not constitutional" (Statement of Attorney General Andrew Cuomo Regarding Lieutenant Governor Appointment Proposal, http:// www.oag.state.ny.us/media_center/2009/july/july6a_09.html [Office of the Attorney General, Jul. 6, 2009]), "there is nothing in the record to show that the Attorney-General has taken or intends to take an active role in the resolution of this dispute . . . [and] we believe that the public interest requires that we address the issues now rather than await a quo warranto proceeding brought by the Attorney-General" (Matter of Dekdebrun v Hardt, 68 AD2d 241, 244 [1979], lv dismissed 48 NY2d 882 [1979]; see Matter of Cullum v O'Mara, 43 AD2d 140, 145 [1973], affd 33 NY2d 357 [1974]; cf. Matter of Delgado v Sunderland, 97 NY2d at 425). Moreover, it has long been recognized that a determination of the title to a public office may be made by way of "mandamus, prohibition and quo warranto as the circumstances of the case and the mode of procedure may require"

---

* By letter dated August 11, 2009, counsel for the plaintiff Pedro Espada, Jr., advised the Court that Senator Espada "would not be filing a brief on appeal and . . . did not wish to participate in the appeal at this juncture." Senator Skelos has filed a brief and continues to participate in the appeal.

(*People ex rel. Corscadden v Howe*, 177 NY 499, 506 [1904]; *see Ex parte Heath*, 3 Hill 42 [1842]). A quo warranto proceeding is traditionally seen as the exclusive remedy where there are facts in dispute that must be tried (*see Greene v Knox*, 175 NY 432 [1903]; *Morris v Cahill*, 96 AD2d 88, 90 [1983]; *Matter of Ahern v Board of Supervisors of County of Suffolk*, 7 AD2d 538, 543-544 [1959], *affd* 6 NY2d 376 [1959]). However, when only an issue of law is presented, entitlement to an office may be tested by mandamus in a CPLR article 78 proceeding (*see Ellis v Eaton*, 136 AD2d 890, 891 [1988]; *Matter of Dykeman v Symonds*, 54 AD2d 159, 161 [1976]; *Matter of Cullum v O'Mara*, 43 AD2d at 145). And, "so long as [a] declaratory judgment action is limited to resolving a question of law, it is an appropriate alternative to an article 78 proceeding and does not thwart the policies underlying the restriction of the remedy of quo warranto to actions brought by the Attorney-General" (*LaPolla v De Salvatore*, 112 AD2d 6, 8 [1985]). Inasmuch as there are no disputed issues of fact to be tried here and the controversy turns entirely on the resolution of a question of law, we hold that the instant action for a declaratory judgment and injunctive relief is a permissible way to challenge the Ravitch appointment.

The Governor contends that, even if an action for a declaratory judgment and injunctive relief can be brought, the Senators are without standing to bring it. It has long been a core principle of our system that a court has no inherent power to right a wrong unless the rights of the party requesting relief are affected by the challenged action (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991]; *Schieffelin v Komfort*, 212 NY 520, 530 [1914]). Thus, a plaintiff must allege an injury-in-fact that falls within his or her zone of interest and, if suing in the capacity of a legislator, must demonstrate that injury by showing, for example, a nullification of his or her vote or a usurpation of power, and not merely a lost political battle (*see Silver v Pataki*, 96 NY2d 532, 539 [2001]; *Urban Justice Ctr. v Pataki*, 38 AD3d 20, 24-25 [2006], *appeal dismissed* 8 NY3d 958 [2007]).

■ When performing his or her constitutional duty as president of the Senate (*see* NY Const, art IV, § 6), a lieutenant governor, as the Senate's presiding officer, is responsible, inter alia, to "ensure that debate is germane to the question under discussion" (Rules of Senate of State of New York 2009, rule III, § 1). The lieutenant governor also has a "casting vote" in the Senate (NY Const, art IV, § 6) by which he or she may break a

tie vote on any matter "not involving the passage of a bill, and requiring only a majority vote, including the determination of election contests, senate rules, the choice of its officers, including the temporary president, resolutions, either separate or concurrent, adjournments, confirmations of appointments by the governor, and removals from office" (4 Lincoln, Constitutional History of New York, at 482). The Senators allege that they may be subject to the effects of a usurpation of power and have their votes nullified if Mr. Ravitch is not enjoined from assuming the position of lieutenant governor because, acting as president of the Senate, Mr. Ravitch may rule the Senators' remarks on the floor of the Senate not germane, or may nullify their votes on important matters by exercising casting votes to break ties. We note that although Mr. Ravitch has been preliminarily enjoined from presiding over the Senate or exercising a casting vote and, therefore, no usurpation of power affecting the Senators and no nullification of their votes could yet have occurred, the very purpose of a declaratory judgment action "is to adjudicate the parties' rights before a wrong actually occurs in the hope that later litigation will be unnecessary" (*Klostermann v Cuomo*, 61 NY2d 525, 538 [internal quotation marks omitted]; *see James v Alderton Dock Yards*, 256 NY 298, 305 [1931]). We conclude that the Senators have adequately alleged an injury-in-fact that falls within their zone of interest, and showed an actual legal stake in the matter sufficient to establish their standing (*see Silver v Pataki*, 96 NY2d at 539-541; *Coleman v Miller*, 307 US 433 [1939]).

■ The Governor further contends that, even if the Senators have standing to seek injunctive relief, CPLR 6311 (1) presents a jurisdictional bar to their obtaining it from the Supreme Court, Nassau County. The statute provides in pertinent part that "[a] preliminary injunction to restrain a public officer . . . from performing a statutory duty may be granted only by the supreme court at a term in the department in which the officer . . . is located or in which the duty is required to be performed" (CPLR 6311 [1]). The Governor contends, in effect, that the Lieutenant Governor is "located" in Albany where his duties are required to be performed and, therefore, a preliminary injunction restraining him from performing his statutory duties may be granted only by the Supreme Court at a term in the Third Judicial Department. We disagree. Either Mr. Ravitch is the lawfully appointed Lieutenant Governor or he is not. If he is not, then CPLR 6311 does not apply because he is not a pub-

lic officer. If he is the lawfully appointed Lieutenant Governor, then the Senators have proffered no grounds to restrain his performance of the duties of that office. In sum, we find no procedural impediment to the granting of the relief sought by the Senators, and we therefore turn to the merits of the Governor's claim that the Supreme Court improperly granted the preliminary injunction.

A preliminary injunction may issue if the movant demonstrates, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of the equities favors the moving party (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Gluck v Hoary*, 55 AD3d 668 [2008]). Amici curiae supporting the Governor focus principally on the third prong, arguing that recognition of the Governor's authority to fill a vacancy in the office of lieutenant governor is essential to allow the orderly and effective administration of both the executive and legislative branches, to restore the constitutional promise of a republican form of government, to provide both the business community and the state's working men and women with a stable political environment, to provide the Governor with an able second-in-command to spearhead the State's response to the current economic crisis, and to ensure a clear line of succession. Indeed, in their joint amicus brief, the United Federation of Teachers, the Uniformed Sanitationmen's Association, Local 831 IBT, and the City Employees Union, Local 237 IBT, invoke the maxim of "salus populi est suprema lex" (the welfare of the people is the highest law) to argue that "[t]ime and again, courts have reiterated their approval of an exercise of power (albeit not an unfettered power) in each of the three branches of government to stem a crisis, provided only that no explicit statutory bar exists and that the action taken can be viewed as reasonable and necessary to serve an important public purpose." Thus, these amici argue, given the State's dire financial straits and the absence of an explicit bar to Mr. Ravitch's appointment, it must be upheld.

■ We have no quarrel with those who say that having a man of Mr. Ravitch's stature, knowledge, and experience in the office of lieutenant governor would promote the public interest by providing help and counsel to the Governor in difficult times and by bringing much-needed stability to the government of this State. We conclude, however, that the Governor simply does not have the authority to appoint a lieutenant governor, that

his purported appointment of Mr. Ravitch cannot be reconciled with an unambiguous and contrary provision in the State Constitution, and that no considerations of the State's financial difficulties or of political strife in the Senate allow us to find authority for Mr. Ravitch's appointment where none exists.

Section 3 of article XIII of the State Constitution provides in pertinent part that "[t]he legislature shall provide for filling vacancies in office." Pursuant to that authority, the Legislature enacted Public Officers Law §§ 41, 42 and 43. Section 41 authorizes the Legislature to appoint a person "to fill" a vacancy in the office of attorney general or comptroller. Section 42 provides for the filling of vacancies in certain other offices, with a specific exception for the "offices of governor or lieutenant-governor" (Public Officers Law § 42 [1]).

The Governor here relies entirely on Public Officers Law § 43 which, as a catchall provision, reads in pertinent part: "If a vacancy shall occur, otherwise than by expiration of term, with no provision of law for filling the same, if the office be elective, the governor shall appoint a person to execute the duties thereof until the vacancy shall be filled by an election." The plain language of this statute indicates that the vacancy in the elective office in question is to be "filled," not by a gubernatorial appointment, but "by an election," and that the Governor's appointee merely "execute[s] the duties [of the vacant office] until the vacancy [is] filled." Thus, Public Officers Law § 43 does not authorize the Governor to fill a vacancy, but only to appoint a person to execute the duties of the vacant office until the vacancy is filled by election. Public Officers Law § 43, therefore, provides no authority for the Governor's purported appointment of Mr. Ravitch to fill the office of lieutenant governor. Moreover, the statute cannot be constitutionally applied even to support an appointment of Mr. Ravitch to execute the duties of the office of lieutenant governor.

Article IV, § 6 of the Constitution provides that where a vacancy occurs in the office of lieutenant governor, "the temporary president of the senate shall perform all the duties of lieutenant-governor during such vacancy." Thus, under the Constitution, until the vacancy in the office of lieutenant governor is filled, the temporary president of the Senate is charged with the responsibility of "perform[ing] all the duties of lieutenant-governor" (NY Const, art IV, § 6). "Executing" the duties of the lieutenant governor, as provided in the statute, cannot mean something different from "performing" the duties

of the lieutenant governor, as provided in the Constitution. It could not have been within the contemplation of the drafters of the Constitution and the statute that, upon a vacancy in the office of lieutenant governor, there would be two caretakers—one, the temporary president of the Senate, who would "perform" the duties of the office, the other, an appointee of the Governor, who would "execute" the duties of the office.

In our view, therefore, Public Officers Law § 43 cannot be constitutionally applied with respect to a vacancy in the office of lieutenant governor because it does not authorize the Governor to fill the vacancy and it would permit an appointee of the Governor to do what the Constitution mandates be done by the temporary president of the Senate. Inasmuch as the statute as applied to the office of lieutenant governor cannot be reconciled with the Constitution (cf. *Matter of Wolpoff v Cuomo*, 80 NY2d 70, 78 [1992]), it must yield (*see People v Allen*, 301 NY 287, 290 [1950]). Thus, the Governor's purported appointment of Mr. Ravitch was unlawful because no provision of the Constitution or of any statute provides for the filling of a vacancy in the office of lieutenant governor other than by election, and only the temporary president of the Senate is authorized to perform the duties of that office during the period of the vacancy. We hold, therefore, that the Supreme Court properly granted the Senators' motion for a preliminary injunction.

The parties' remaining contentions are without merit.

Accordingly, the order is affirmed insofar as appealed from. Because we recognize that this matter is one of great public import and ought to be resolved finally and expeditiously by the Court of Appeals, we dispense with the need for the Governor to move for leave to appeal to that Court and, on our own motion, grant leave.

FISHER, J.P., ANGIOLILLO, DICKERSON and ENG, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On the Court's own motion, it is ordered that the aggrieved parties are granted leave to appeal to the Court of Appeals, if they be so advised, pursuant to CPLR 5602 (b) (1), from the opinion and order of this Court affirming the nonfinal order of the Supreme Court, Nassau County (LaMarca, J.), entered July 22, 2009, and the following question is certified to the Court of

Appeals: Was the opinion and order of this Court properly made? Questions of law have arisen which, in our opinion, ought to be reviewed by the Court of Appeals (*see* CPLR 5713); and it is further ordered that so much of the decision and order on motion of this Court dated July 30, 2009, as limited the preliminary injunction to the extent of enjoining the defendant Richard Ravitch only from presiding over, or exercising a casting vote in, the New York State Senate during the pendency of the appeal is vacated forthwith.

FISHER, J.P., ANGIOLILLO, DICKERSON and ENG, JJ., concur.