[892 NYS2d 747]

In the Matter of Samuel L. Rivers, Petitioner, v Clinton I. Young Jr. et al., Respondents.

Supreme Court, Westchester County, December 22, 2009

APPEARANCES OF COUNSEL

*Samuel L. Rivers*, petitioner pro se. *Loretta J. Hottinger, Corporation Counsel*, Mount Vernon, for respondents.

**OPINION OF THE COURT**

WILLIAM J. GIACOMO, J.

"The Open Meetings Law was enacted in 1976 (L 1976, ch 511) in an attempt to overcome the 'crisis of confidence in American politics occasioned by Watergate' . . . It is this State's version of laws adopted nationwide, most commonly known as 'Sunshine Laws' . . . which were intended to restore the public's faith in governmental bodies by encouraging them to conduct business in a public manner." (*Matter of Csorny v Shoreham-Wading Riv. Cent. School Dist.*, 305 AD2d 83, 88 [2d Dept 2003], quoting *Matter of Gordon v Village of Monticello*, 87 NY2d 124, 126 [1995], and citing *Matter of Smith v City Univ. of N.Y.*, 92 NY2d 707 [1999]; *Matter of Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist.*, 244 AD2d 552 [2d Dept 1997].)

With new technological advances enuring to the public daily, how quickly must our governmental institutions and organizations update their procedures to ensure that the public's faith in the transparency of our government's actions is maintained?

## Background

In the instant matter, the pro se petitioner, who identifies himself as a "duly qualified resident of the City of Mount Vernon" and a "qualified voter of the State of New York, entitled to vote in the City of Mount Vernon" (petition ¶ 1), seeks to have this court declare "insufficient, defective, invalid, null, and void" the public hearing date set by the Mount Vernon Board of Estimate and Contract (the Board) for public comment on the 2010 Mount Vernon city budget. Petitioner argues that the setting of such date for a public hearing was made at a meeting

held in violation of the New York State Open Meetings Law and was not properly noticed to the public at large. As a consequence, petitioner contends that any and all acts by the Board as a result of the improperly scheduled and noticed meeting should be declared null and void.

Petitioner presented the instant order to show cause to this court on December 10, 2009 and initially sought a temporary restraining order (TRO) to prevent the Board from conducting a public comment/hearing on the proposed Mount Vernon 2010 budget (the budget) that very evening. At oral argument on the TRO application, petitioner argued that the Board unlawfully met on December 1, 2009, where, at a "closed meeting," scheduled the date for the public comment/hearing on the budget for December 10, 2009. Petitioner argued that as a result, the action taken at the improper December 1st meeting, i.e., the scheduling of the public comment/hearing, must be voided and the public comment/hearing cancelled and rescheduled for a later date. This court denied the TRO after petitioner admitted that he would suffer no irreparable harm in the event the public comment/hearing was conducted by the Board as scheduled.

A scheduling order for the submission of opposition papers by the respondents, and reply by the petitioner was set. The court received submissions and conducted oral argument on the petition on December 22, 2009.

At the December 22, 2009 oral argument, petitioner asserted that any action taken at any meeting held by the Board after May 12, 2009[1] is null and void, including the December 1st, December 2nd and December 10th meetings, because the Board failed to conspicuously post information regarding its meeting dates and times on the Mount Vernon Web site, when it had "the ability to do so," in violation of Public Officers Law § 104 (5). Petitioner takes the position that these meetings were not properly noticed as required by law, were illegal meetings and therefore any action taken thereat is null and void. Petitioner asserts that as a result of the foregoing, the respondents have deprived those citizens of the City of Mount Vernon who wish to be heard with regard to the proposed budget, a fair opportunity to evaluate the budget and attend the public comment/hearing. In particular, petitioner states that certain proposed cuts in the

---

1. The effective date of the newly enacted subdivision (5) of Public Officers Law § 104.

budget which eliminate a number of positions need to be fully addressed by the public.

In opposition, respondents assert that all meetings of the Board were properly noticed and they are in full compliance with article 7 of the Public Officers Law. In addition, and, more importantly as will be discussed herein, respondents also argue that regardless of their statutory compliance obligations, petitioner lacks standing to bring the instant action.

## Analysis

Courts are empowered, upon good cause shown, to declare void any action taken by a public body in violation of the mandate of the Open Meetings Law. (*Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404, 405 [2d Dept 1994], *lv denied* 84 NY2d 811 [1994], citing *Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978].)

Nevertheless, in this case, prior to addressing the propriety of any action allegedly taken in violation of the Open Meetings Law, the court must address the issue of standing duly raised by the respondents.

## Standing

Once questioned, the standing of a party to seek judicial review of a particular claim or controversy is a jurisdictional threshold matter that must be resolved by the court before the merits of the application are reached. (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761 [1991].)

> "It has long been a core principle of our system that a court has no inherent power to right a wrong unless the rights of the party requesting relief are affected by the challenged action . . . Thus, a plaintiff must allege an injury-in-fact that falls within his or her zone of interest" (*Skelos v Paterson*, 65 AD3d 339, 344 [2d Dept 2009], *revd on other grounds* 13 NY3d 141 [2009], citing *Society of Plastics Indus. v County of Suffolk, supra*, and *Schieffelin v Komfort*, 212 NY 520, 530 [1914]).

Here, petitioner alleges violation of the Open Meetings Law which can be found at article 7 of the Public Officers Law. Public Officers Law § 107 (1) sets forth that "[a]ny aggrieved person shall have standing to enforce the provisions of this article against a public body by the commencement of a proceeding pursuant to article seventy-eight of the civil practice law and rules, and/or an action for declaratory judgment and injunctive relief."

Petitioner argues that as a "duly qualified resident of the City of Mount Vernon" and a "qualified voter of the State of New York, entitled to vote in the City of Mount Vernon" he is an aggrieved person with standing in this matter. At oral argument on December 22, 2009, petitioner asserted that he has standing to bring this action as a Mount Vernon business owner,[2] who contributes to his mother's[3] household expenses, and who resides in the City of Mount Vernon. He asserts that as a member of the public community that will be affected by the 2010 budget proposed by the Board, he can challenge its action.

Simply contending that an issue or matter is one of vital public concern or "wide public concern" does not confer standing on a party. (*Rudder v Pataki*, 246 AD2d 183, 186 [3d Dept 1998], *affd* 93 NY2d 273 [1999]; *see also Society of Plastics Indus. v County of Suffolk, supra*.) A party only has standing to contest an administrative determination if he or she will in fact be injured by the decision and if the injury falls within the "zone of interest" that the pertinent statute aims to protect or promote. (*Rudder v Pataki*, 246 AD2d at 186.)

In this case, petitioner's allegation that as a member of the general public he is affected by the proposed budget is insufficient to confer standing in this matter. (*See Matter of Goldin v Board of Educ. of Wappingers Cent. School Dist.*, 306 AD2d 410 [2d Dept 2003], *lv denied* 100 NY2d 514 [2003] [petitioner, who failed to demonstrate some personal damage or injury to his or her civil, personal or property rights as a direct result of a redistricting plan implemented by a board of education, lacked standing to challenge any of the actions which allegedly violated the Open Meetings Law]; *compare Weatherwax v Town of Stony Point*, 97 AD2d 840 [2d Dept 1983] [petitioner whose personal health insurance coverage was affected by Board decision made at meeting which violated Open Meetings Law had standing].)

Accordingly, the petition must be dismissed on account of petitioner's lack of standing. (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579 [1998]; *see also Godfrey v Spano*, 57 AD3d 941, 943 [2d Dept 2008] ["In order to proceed on their second cause of action, the plaintiffs are required to demonstrate some personal interest in the dispute beyond that of any taxpayer"].)

---

**2.** Petitioner is a real estate broker who conducts his business out of his residence.

**3.** Petitioner's mother appears to be an owner of real property within the City of Mount Vernon. Petitioner resides in his mother's household and it is, from this property that Mr. Rivers conducts his business.

Open Meetings Law

■ Without standing, this court may not pass on the petitioner's claim that the respondents violated Public Officers Law § 104 (5). Nonetheless, the court is compelled to urge the respondents, as it did during oral argument on December 22, 2009, to bring the City of Mount Vernon into compliance with the newly enacted Internet posting mandates of the Open Meetings Law.

Public Officers Law § 104 provides:

> "1. Public notice of the time and place of a meeting scheduled at least one week prior thereto shall be given to the news media and shall be conspicuously posted in one or more designated public locations at least seventy-two hours before such meeting.

> "2. Public notice of the time and place of every other meeting shall be given, to the extent practicable, to the news media and shall be conspicuously posted in one or more designated public locations at a reasonable time prior thereto.

> "3. The public notice provided for by this section shall not be construed to require publication as a legal notice.

> "4. If videoconferencing is used to conduct a meeting, the public notice for the meeting shall inform the public that videoconferencing will be used, identify the locations for the meeting, and state that the public has the right to attend the meeting at any of the locations.

> "5. When a public body has the ability to do so, notice of the time and place of a meeting given in accordance with subdivision one or two of this section, shall also be conspicuously posted on the public body's internet website."

Petitioner has taken the position that the respondents fail to comply with the newly enacted subdivision (5). Petitioner claims that the Mount Vernon Web site is updated regularly, but on an ad hoc basis, i.e., taking the time to advise of a "tree lighting ceremony," or an innocuous meeting, but neglecting to post meeting information on hot-button issues like the budget, as mandated by statute.

Respondents argue that the newly enacted subdivision (5) of Public Officers Law § 104 is not "mandatory" and as Mount Vernon does not have the "ability" to constantly update its Web

site to post meeting information they are not required to comply with the Internet posting requirement of the statute. However, respondents do admit that the City of Mount Vernon maintains a Web site[4] and that they have employees that update the Web site "as time permits."[5]

This court could find no case which has interpreted subdivision (5) of Public Officers Law § 104. Nevertheless the court rejects the respondents' interpretation of their obligations under the statute.

"New York's Open Meetings Law is to be liberally construed to effectuate the legislative purpose." (*Matter of Csorny v Shoreham-Wading Riv. Cent. School Dist.*, 305 AD2d at 88.) Regarding the provision at issue, the legislative history justifying the amendment of the statute indicates as follows:

> "Institutions and organizations charged with the responsibility of serving the general public should be required to make the necessary arrangements to allow for as much transparency and openness in their deliberations as possible. Seeing as how said institutions typically maintain active internet websites, and that a considerable segment of the public use such websites to keep informed, *they should be comprehensively updated and revised as frequently as possible.*" (Sponsor's Mem, Bill Jacket, L 2009, ch 26 [emphasis supplied].)

The intent and purpose of the statute does not indicate immediate compliance is necessary. However, the purpose of the statute is not served if, as respondents argued, the "[i]nstitutions and organizations charged with the responsibility of serving the general public" were permitted to pick and choose how and when Web sites were updated. As indicated by the court on the record, such discretionary postings open a pandora's box of slippery slope possibilities where an institution or organization entrusted with serving the public could post notices that only served its agenda. Such discretionary postings would fly in the face of the transparency and openness that the Open Meetings Law was designed to ensure.

Black's Law Dictionary (at 4 [8th ed 2004]) defines "ability" as "[t]he capacity to perform an act or service; esp., the power

4. *See* http://cmvny.com.

5. The employees entrusted with updating the Web site are employed in the technology department and their main duties are attending to computer-related troubleshooting at City Hall.

to carry out a legal act." Unquestionably, the respondents have the ability to update the City's Web site regularly. While to update same regularly may be inconvenient, inconvenience should not excuse failure to comply with statutory mandates. Accordingly, respondents should require the city agencies to comply with Internet posting mandates of the Open Meetings Law in as timely a manner, and as consistently, as possible.

On account of the foregoing the petition is dismissed.