Matter of McCrory v Village of Mamaroneck Bd. of Trustees (2020 NY Slip Op 00864)





Matter of McCrory v Village of Mamaroneck Bd. of Trustees


2020 NY Slip Op 00864


Decided on February 5, 2020


Appellate Division, Second Department


Rivera, J.p., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-12066
 (Index No. 1772/17)

[*1]In the Matter of Suzanne McCrory, et al., appellants,
v
Village of Mamaroneck Board of Trustees, respondent.



APPEAL by the petitioners/plaintiffs, in a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, from an order and judgment (one paper) of the Supreme Court (Susan Cacace, J.), dated September 22, 2017, and entered in Westchester County, which granted that branch of the respondent/defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the petition/complaint and dismissed the proceeding/action.



Suzanne McCrory and Stuart Tiekert, Mamaroneck, NY, appellants pro se.
Spolzino Smith Buss & Jacobs LLP, White Plains, NY (Robert A. Spolzino and Edward A. Smith III of counsel), for respondent.



RIVERA, J.P.


OPINION & ORDER
The Open Meetings Law (Public Officers Law art 7) was passed in 1976 in the aftermath of Nixon's Watergate. Its relevance and significance is as crucial today as it was in 1976. This legislation fosters two main objectives: access and transparency. The statute's purpose is clearly set forth, as follows:
"It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the governmental process to operate for the benefit of those who created it" (Public Officers Law § 100).
The instant appeal presents the question of who has standing to challenge an alleged violation of the Open Meetings Law. In furtherance of and consistent with the provisions of the Open Meetings Law, we conclude that the petitioners/plaintiffs, as members of the public who were allegedly excluded from certain municipal meetings, have standing to bring the instant proceeding/action.
I. Factual Background
In 2017, the petitioners/plaintiffs (hereinafter the appellants), who are members of the public and residents of the Village of Mamaroneck, commenced the instant hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the Village of Mamaroneck [*2]Board of Trustees (hereinafter the Village Board)[FN1]. The appellants alleged, inter alia, that the Village Board violated the Open Meetings Law at certain meetings, including one held on March 30, 2017, by failing to provide proper notice of the meeting, improperly entering into a closed "executive session," and failing to accurately record the minutes of the meeting. The gravamen of the appellants' petition/complaint is that the Village Board improperly excluded them from portions of certain meetings that should have been open to the public.
The Village Board moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the petition/complaint for lack of standing. The Supreme Court granted that branch of the Village Board's motion and dismissed the proceeding/action. The court determined that standing to commence a proceeding/action alleging a violation of the Open Meetings Law required a petitioner/plaintiff to demonstrate "some personal damage or injury" to his or her civil, personal, or property rights as a direct or indirect consequence of the challenged action. The court concluded that being a member of the general public, a taxpayer, or resident of the municipality, in and of itself, is insufficient to confer standing to raise an alleged Open Meetings Law violation. Specifically, the court found that, since the appellants failed to allege that either of them had suffered some personal damage or injury to their civil, personal, or property rights as a direct or indirect consequence of the actions undertaken by the Village Board, they lacked standing to commence the instant proceeding/action. This appeal ensued.
II. Legal Analysis
The Open Meetings Law was intended, as its very name suggests, to open the decision-making process of elected officials to the public while simultaneously striking a balance in protecting the ability of government to carry out its functions and responsibilities (see Matter of Gordon v Village of Monticello, 87 NY2d 124, 126). In enacting the Open Meetings Law, the Legislature sought to ensure that "public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy" (Public Officers Law § 100; see Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528; Matter of New York Univ. v Whalen, 46 NY2d 734, 735; Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 169 AD3d 995, 998; Matter of Krauss v Suffolk County Bd. of Elections, 153 AD3d 1211, 1212-1213; Matter of Csorny v Shoreham-Wading Riv. Cent. School Dist., 305 AD2d 83, 88). The provisions of the Open Meetings Law are to be given broad and liberal construction so as to achieve the purpose for which it was enacted (see Matter of Gordon v Village of Monticello, 87 NY2d at 127; New Yorkers for Constitutional Freedoms v New York State Senate, 98 AD3d 285, 291; Matter of Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist., 281 AD2d 416; Matter of Holden v Board of Trustees of Cornell Univ., 80 AD2d 378, 381).
The statute provides generally that "[e]very meeting of a public body shall be open to the general public," except for executive sessions that may be called for specified reasons (Public Officers Law § 103[a]; see Public Officers Law § 105). Moreover, public notice of the time and place of a meeting scheduled shall be given, minutes shall be taken at all open meetings of a public body, and the minutes shall be made available to the public (see Public Officers Law §§ 104, 106). As particularly relevant to the instant appeal, the Open Meetings Law provides: "Any aggrieved person shall have standing to enforce the provisions of this article against a public body by the commencement of a proceeding pursuant to article seventy-eight of the [CPLR], or an action for declaratory judgment and injunctive relief" (Public Officers Law § 107[1]).
Therefore, the issue to be decided is whether the appellants herein are aggrieved persons with standing to enforce the provisions of the Open Meetings Law.
Generally, if the issue of standing is raised, a party challenging governmental action must meet the threshold burden of establishing that it has suffered an "injury in fact" and that the [*3]injury it asserts "fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the [government] has acted" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). The injury in fact requirement necessitates a showing that the party has "an actual legal stake in the matter being adjudicated" and has suffered a cognizable harm (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772) that is not " tenuous,'" " ephemeral,'" or " conjectural,'" but is sufficiently concrete and particularized to warrant judicial intervention (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50, quoting New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211, 214).
Across a wide spectrum of cases, courts have had occasion to consider the issue of "aggrievement" and, in particular, who is "aggrieved" in order to determine and confer standing. For example, in a proceeding to review an assessment of real property under article 7 of the Real Property Tax Law, a person is aggrieved when an assessment has " a direct adverse affect on the challenger's pecuniary interests'" (Matter of Steel Los III/Goya Foods Inc. v Board of Assessors of County of Nassau, 10 NY3d 445, 452-453, quoting Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y., 74 NY2d 128, 132).
In the context of appellate jurisdiction, an appellant may only seek review upon a showing that he or she is "aggrieved" by a judgment or order (CPLR 5511; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545). In that circumstance, this Court has set forth a two-pronged definition of the concept of aggrievement:
"[f]irst, a person is aggrieved when he or she asks for relief but that relief is denied in whole or in part. Second, a person is aggrieved when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]).
Case law on the issue of who has standing to commence a proceeding/action to enforce the provisions of the Open Meetings Law is sparse. In Matter of Sanna v Lindenhurst Bd. of Educ. (85 AD2d 157, 158), the petitioner sought to employ, among others, the provisions in the Open Meetings Law to vitiate the Lindenhurst Board of Education's determination to dismiss her as a probationary teacher, which was made in an executive session following what was described as an "open meeting." Upon considering the purpose of the open meeting and open votes statutes, in that case, this Court held:
"petitioner's standing derived from her membership in that class aggrieved by the board's unintentional lapse in its decision-making process (i.e., the citizenry), and not from her status as the subject of those deliberations whose private employment interests are affected by the resulting determination. That vindication of the public's right to observe might often concomitantly requite a petitioner's private grievance cannot be gainsaid; however, in fashioning a remedy for violation of these statutes, the reviewing court must focus solely upon the public injury" (id. at 162 [emphasis added]).
Thus, in Sanna, with regard to standing, this Court's holding expressly centered on the "public injury" or injury to the "citizenry" of which the petitioner was a member, not on her status as the subject of the board's deliberation. The Court of Appeals later affirmed this Court's decision and order in Sanna, without expressly addressing the issue of standing (see Matter of Sanna v Lindenhurst Bd. of Educ., 58 NY2d 626, 627-628).
In Matter of Friends of Pine Bush v Planning Bd. of City of Albany (71 AD2d 780), following two public hearings held on applications for approval of two subdivision plats in an area in the City of Albany known as the Pine Bush, the Planning Board of the City of Albany (hereinafter the planning board) approved both subdivision plats at a meeting held on July 17, 1978. The petitioners, an unincorporated association called Friends of the Pine Bush and five individuals who were members of the association and resided in the City of Albany, commenced a proceeding to annul the planning board's action in approving the plats. The petitioners alleged, inter alia, that the planning board failed to comply with the Open Meetings Law. In its answer, the planning board argued that the petitioners lacked standing to bring the proceeding. The Supreme Court dismissed the petition on the ground that the petitioners lacked standing. The Appellate Division, Third [*4]Department, found that "[a]s residents of the city, the individual petitioners are persons aggrieved by a decision of the planning board and thus have standing to bring this proceeding" (id. at 781).
In Matter of Zehner v Board of Educ. of the Jordan-Elbridge Cent. School Dist. (29 Misc 3d 1206[A], 2010 NY Slip Op 51709[U], *2 [Sup Ct, Onondaga County]), the Supreme Court found, when addressing standing, that the petitioner, a member of the general public, a district taxpayer, and an employee of the school district, had established that he was in the "zone of interest" that the Open Meetings Law was designed to protect. Moreover, he was in attendance at the meeting in question when the executive session was called and the public was excluded, and he was a member of the citizenry aggrieved by the alleged violation. The court further determined that, as a lawful attendee of the meeting in question, the petitioner was an aggrieved party and had standing to challenge the school board's activities.
In contrast to the foregoing, the Supreme Court herein applied reasoning, often articulated in land use cases, that, for standing purposes, a petitioner or plaintiff must show that it would suffer direct harm (i.e., injury in fact) that is in some way different from that of the public at large (see e.g. Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 304-305; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774). In so finding, the court utilized as support Matter of Rivers v Young (26 Misc 3d 946 [Sup Ct, Westchester County]), a case decided by the Supreme Court, Westchester County. Therein, the petitioner, who identified himself as a "duly qualified resident of the City of Mount Vernon," argued, inter alia, that a public hearing date for public comment on the municipality's 2010 budget was set at a hearing held in violation of the Open Meetings Law and was not properly noticed (id. at 947 [internal quotation marks omitted]). On the issue of standing, that court determined that the petitioner's allegation that, as a member of the general public, he was affected by a proposed budget was insufficient to confer standing (see id. at 950). Accordingly, it dismissed the petition for lack of standing.
Guided by the settled principle that "[w]hen presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature'" (Matter of Lemma v Nassau County Police Officer Indem. Bd., 31 NY3d 523, 528, quoting Riley v County of Broome, 95 NY2d 455, 463; see Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7), we disagree with the Supreme Court's determination that the appellants did not have standing to commence this proceeding/action. The purpose of the Open Meetings Law and the intent of the Legislature in enacting that law dictate that the harm or injury is the alleged unlawful exclusion of the public from a municipal meeting. The Open Meetings Law plainly confers upon the public the right to attend certain meetings of public bodies (see Public Officers Law § 100). Consistent therewith, the harm or injury of being excluded from municipal meetings that should be open to the public is sufficient to establish standing in cases based upon alleged violations of the Open Meetings Law (see Matter of Sanna v Lindenhurst Bd. of Educ., 85 AD2d at 162; Matter of Friends of Pine Bush v Planning Bd. of City of Albany, 71 AD2d at 781). If the analysis and determination of the Supreme Court were allowed to stand, a petitioner/plaintiff would have to demonstrate an additional personal damage or injury to his or her civil, personal, or property rights in order to assert a violation of the Open Meetings Law. This would, in effect, interject a counterintuitive restriction upon the general citizenry's access and participatory freedoms to attend certain meetings of a public body. Such a requirement or condition would undermine, erode, and emasculate the stated objective of this statute, which was designed to benefit the citizens of this state and the general commonweal, assure the public's right to be informed, and prevent secrecy by governmental bodies.
Accordingly, the order and judgment of the Supreme Court should be reversed, that branch of the Village Board's motion which was pursuant to CPLR 3211(a)(3) to dismiss the petition/complaint for lack of standing should be denied, and the petition/complaint reinstated. We note, however, that we find only that the appellants established their standing to maintain this proceeding/action. We take no position on the merits of the remaining allegations asserted by the parties, including whether the Village Board, in fact, violated the Open Meetings Law by excluding the appellants or whether the Village Board properly conducted executive sessions.
Thus, the order and judgment is reversed, on the law, that branch of the Village Board's motion which was pursuant to CPLR 3211(a)(3) to dismiss the petition/complaint is denied, and the petition/complaint is reinstated.
DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ORDERED that the order and judgment is reversed, on the law, with costs, that [*5]branch of the respondent/defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the petition/complaint is denied, and the petition/complaint is reinstated.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:Although the pleadings are not expressly denominated as both a notice of petition/summons and petition/complaint, the nature of an action or remedy does not necessarily depend upon the nomenclature used by a party, but instead, upon the character of the allegations to determine its true nature (see Pink v Title Guar. & Trust Co., 274 NY 167, 173; 159 MP Corp. v Redbridge Bedford, LLC, 160 AD3d 176, 194, affd 33 NY3d 353; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 90). It is clear that the relief sought is pursuant to CPLR article 78 and declaratory.