Nationstar Mtge., LLC v Gayle (2021 NY Slip Op 08194)





Nationstar Mtge., LLC v Gayle


2021 NY Slip Op 08194


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-10781
 (Index No. 505483/14)

[*1]Nationstar Mortgage, LLC, appellant,
v
Byron Gayle, respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista, Jeremy D. Kaufman, and Leah Lenz of counsel), for appellant.
Chidi A. Eze, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 6, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Byron Gayle, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Byron Gayle, to strike that defendant's answer, and for an order of reference are granted.
In 2014, the plaintiff commenced this action against the defendant Byron Gayle (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn. The defendant failed to appear or answer the complaint. In an order dated August 24, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In May 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order of reference dated August 24, 2016, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and failure to comply with RPAPL 1304, and, alternatively, for leave to interpose a late answer. On June 15, 2017, the court granted the plaintiff's motion and issued a judgment of foreclosure and sale. The plaintiff then opposed the defendant's motion. In an order dated March 27, 2018, the court denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, but granted that branch of the defendant's motion which was to vacate the order of reference. The court vacated the order of reference dated August 24, 2016, and the judgment of foreclosure and sale, and granted the defendant leave to interpose a late answer. The defendant has appealed from the order dated March 27, 2018, and this Court is now affirming that order insofar as appealed from (see Nationstar Mtge., LLC v Gayle, ___ AD3d ___ [Appellate Division Docket No. 2018-11553; decided herewith]).
Thereafter, the defendant interposed an answer in which he asserted various affirmative defenses. In or around October 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, arguing that the plaintiff lacked standing to commence this action and failed to comply with RPAPL 1304. In an order dated May 6, 2019, the Supreme Court denied the motion. The plaintiff appeals.
Contrary to the defendant's contention, the plaintiff is an aggrieved party because, in moving for summary judgment, it asked for relief which was denied (see Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 181 AD3d 67, 71). Moreover, the plaintiff has not provided an incomplete record on appeal, since it included in the record the papers and other exhibits upon which the order appealed from was founded (see Ghatani v AGH Realty, LLC, 136 AD3d 744, 744).
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Everbank v Greisman, 180 AD3d 758, 759; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the defendant failed to raise a triable issue of fact.
RPAPL 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901).
Contrary to the plaintiff's contention, the defendant did not waive a defense based on noncompliance with RPAPL 1304 by failing to raise the defense in his answer (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720). Contrary to the defendant's contention, the plaintiff did not improperly argue for the first time in its reply papers that RPAPL 1304 was inapplicable because the subject loan was not a "home loan" within the meaning of the statute, as the defendant first raised the issue of noncompliance with RPAPL 1304 in his opposition papers (see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 752). Moreover, the plaintiff demonstrated, prima facie, that the mortgage loan was not a "home loan" for purposes of RPAPL 1304 because the subject property was not the defendant's principal dwelling prior to the commencement of the action and that, therefore, the statute was inapplicable (see RPAPL former 1304[5][a]; L 2009, ch 07, § 1-a, eff Jan 14, 2010; Bayview Loan Servicing, LLC v Akande, 154 AD3d 694, 694). In any event, the plaintiff also demonstrated, prima facie, that it sent the required notices. In opposition, the defendant failed to raise a triable issue of fact.
"RPAPL 1303 requires that a notice titled 'Help for Homeowners in Foreclosure' be delivered with the summons and complaint in residential foreclosure actions involving owner- occupied, one-to-four family dwellings" (Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; see US Bank N.A. v Sims, 162 AD3d 825, 826). "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Onewest Bank, N.A. v Mahoney, 154 AD3d at 771; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 98). "[T]he failure to comply [with RPAPL 1303] is a basis for dismissal of a complaint which may be raised at any time while the action is pending" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 687). Thus, contrary to the plaintiff's contention, the defendant did not waive a defense based on failure to comply with RPAPL 1303 by failing to assert the defense in his answer. However, the defendant improperly raises the issue for the first time on appeal (see Wells Fargo Bank, N.A. v Grosz, 173 AD3d 1247, 1249; Emigrant Bank v Marando, 143 AD3d 856, 857).
The defendant waived a defense based on lack of standing by failing to raise the defense in his answer (see US Bank N.A. v Nelson, 169 AD3d 110, 115). The defendant's contention [*2]that, under RPAPL 1302-a, he did not waive a defense based on lack of standing by failing to raise the defense in his answer is without merit, as RPAPL 1302-a applies only to a "home loan" within the meaning of RPAPL 1304 (see RPAPL 1302-a). The record reflects that the subject loan does not qualify as a "home loan" within the meaning of the statute.
The defendant's contentions that the plaintiff failed to establish, prima facie, his default in payment, and that the plaintiff failed to provide a notice of default as required by the mortgage, are improperly raised for the first time on appeal (see PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621, 622).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court