OPINION OF THE COURT
Bellacosa, J.
 Appellant Doyle challenges the Clarkstown Zoning Board of Appeals’ (Board) denial of his application for area variances to allow subdivision of a 29,370-square-foot parcel of property located in New City, Rockland County, into two building plots. We affirm the order of the Appellate Division, Third Judicial Department, on transfer from the Second Department pursuant to New York Constitution, article VI, § 4 (g), because we agree with both lower courts that there is substantial record evidence supporting the Board’s determination that Doyle did not establish practical difficulties or significant economic injury which would entitle him to the variances. To the extent that Matter of Fulling v Palumbo (21 NY2d 30) suggests otherwise with respect to the measurement of significant economic injury, it should no longer be followed.
The property in issue, which Doyle purchased in 1980 for $64,000, contains two residences — a year-round home and a “summer home”. Doyle resided in the year-round home and rented the latter until 1987, when he moved away and began to rent both residences. At the time the record in this case *595 was made before the Board, Doyle was receiving $1,775 per month in rental income from the dual rentals of the property.
The applicable Clarkstown zoning ordinance requires 22,500-square-foot minimum building lots. In 1989, Doyle applied to the Board for area variances to subdivide his property into two separate building lots: a 14,367-square-foot lot for the year-round home and a 15,003-square-foot lot for the summer place. He alleged in his application and supporting papers that he had been "unable to sell his property as a single parcel” for over three years, having received no purchase offers at his reduced asking price of $225,000 (from $280,000). He concluded that "without [the] variances [he] would suffer great economic injury.”
The Board denied the application after a public hearing, concluding that Doyle had not established a "practical difficulty * * * that would deprive [him] of the reasonable use of the land or building involved”, as required by Clarkstown Code § 106-31 (C) (2). It added that he had not proven that he was unable to sell the property for a profit, noting that he had purchased the property for $64,000 only 10 years ago.
Doyle sued the Board on the grounds that its denial of his application was illegal, arbitrary and capricious. Supreme Court, Rockland County, dismissed the petition and the Appellate Division, Third Department, affirmed. The applicable case law in the Appellate Division, Second Department (where the intermediate appeal originated), and the case law in the Third Department (to which it was transferred) was essentially the same in all relevant respects. If it were different, the view of the originating intermediate appellate court governs until we finally settle the issue (see, Siegel, The Second Department’s Transferred Cases: Whose Law Applies in a Conflict? NYLJ, Apr. 23, 1990, at 1, col 1).
Applicants for area variances are obliged to demonstrate to zoning authorities that strict compliance with an applicable zoning ordinance will result in practical difficulty to the property owner (Matter of Fuhst v Foley, 45 NY2d 441, 445; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314). "Practical difficulty”, while not subject to precise definition, may be established generally by proof that a property owner cannot utilize the property without violating zoning ordinance restrictions (Matter of Fuhst v Foley, supra, at 445). Judicial review of municipal land use determinations of this kind, i.e., a zoning board’s denial of a variance application *596 based on the property owner’s failure to establish practical difficulty, is subject to the limitation that courts may not interfere with decisions enjoying a rational basis, supported by substantial evidence in the record (id., at 444; Matter of Cowan v Kern, 41 NY2d 591, 599; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314, supra,).
The Board’s decision in this case that Doyle made an insufficient showing of practical difficulty rests comfortably on a rational basis and substantial evidence. The Board acknowledges that its denial of Doyle’s application for variances does not prohibit him from continuing to reap a significant annual rental income from the two dwellings on his property, which is significantly undersized for a double building use (compare, Matter of Hoffman v Harris, 17 NY2d 138). Alternatively, it is not without significance that Doyle may sell his property, albeit perhaps at a price less than the $225,000 he last sought, and receive a substantial profit on his initial investment.
Doyle counterargues that he is entitled to the requested area variances, in any event, because without them he incurs significant economic injury. "Significant economic injury” in this context may be established by proof that the specific use permitted by the zoning ordinance will not yield a reasonable return if the applicable land use restrictions are enforced (Matter of National Merritt v Weist, 41 NY2d 438, 442). This calculation focuses on the value of the property as presently zoned, not the value the property would have if the variance were granted (Matter of Cowan v Kern, 41 NY2d 591, 597, supra; Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1, 9). To the extent that Matter of Fulling v Palumbo (21 NY2d 30, supra) holds otherwise in this respect, it should no longer be followed and is overruled. Since Fulling, we have refined the rules to reject the notion that significant economic injury may be established by proof that the property would yield a greater return to the owner with the variance than without it (Matter of Cowan v Kern, supra, at 596-597; 2 Anderson, New York Zoning Law and Practice § 23.39, at 217-218 [3d ed]). Thus, proof that a parcel, if subdivided pursuant to a variance, could be sold to yield a higher profit to the owner does not constitute significant economic injury (see, Matter of Graziano v Scalafani, 143 AD2d 664, 666; 2 Anderson, op. cit., § 23.42, at 224-225).
Although Doyle alleges that the value of his property as zoned, without a variance, is $280,000, he submitted no certi *597 fied appraisal to that effect, relying solely on real estate brokers’ estimates. While that failure of proof alone might not be determinative in the context of this case, Doyle has also been receiving over $20,000 per year in rental income from the continued nonconforming use of his property, which he purchased for $64,000 in 1980. Moreover, he submitted no proof that he would not realize a reasonable return on his investment if he sold the parcel for an amount somewhat below his last asking price of $225,000. The record establishes that the $64,000 Doyle initially paid for the property would have been worth approximately $151,500 as of January 1, 1990 had he invested it and received an average yield of 9%. Doyle submitted no evidence that he made any substantial improvements to the property. Finally, we note that inasmuch as the applicable zoning restrictions were in effect when Doyle purchased the property, any claimed economic hardship is self-imposed (Matter of Cowan v Kern, supra, at 597; Matter of National Merritt v Weist, supra, at 442; Matter of Graziano v Scalafani, supra, at 665-666).
On this record, we agree with the courts below that it cannot be said as a matter of law that the Board abused its authority in rejecting Doyle’s application for area variances. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone and Hancock, Jr., concur.
Order affirmed, with costs.