■ In the Matter of ROSARIO VILARDI, Appellant, v DAVID ROTH, as Chairman of the Board of Zoning Appeals of the Town of Babylon, et al., Respondents. [597 NYS2d 86] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated February 22, 1990, which, after a hearing, denied his

application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered December 11, 1990, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a substandard lot consisting of 4,524 square feet. This property is located in a zone in which, pursuant to the local zoning ordinance (Code of the Town of Babylon § 213-79 [A]), a minimum lot area of 10,000 square feet is generally applicable. However, in cases of properties which have been held in single and separate ownership since 1954, as has the petitioner's, the controlling minimum lot size is 6,000 square feet (Code of the Town of Babylon § 213-79 [A]).

The petitioner applied for an area variance with respect to the minimum lot area provision and for several other variances, including variances relating to the minimum front street line, front yard and rear yard requirements. The Town of Babylon Zoning Board of Appeals denied that application, and the instant proceeding pursuant to CPLR article 78 was commenced. In the judgment appealed from the determination was confirmed and the proceeding dismissed. We affirm.

In rendering its determination denying the petitioner's application, the Zoning Board of Appeals of the Town of Babylon considered the five factors set forth in the case of *Matter of Wachsberger v Michalis* (19 Misc 2d 909, *affd* 18 AD2d 921), which are similar to the five factors now set forth in Town Law § 267-b (3) (b) (eff July 1, 1992, L 1991, ch 692, § 9). The respondents also considered whether denial of the variance would result in significant economic injury, in light of the standard set forth in *Fulling v Palumbo* (21 NY2d 30, *overruled in Matter of Doyle v Amster*, 79 NY2d 592) and *Human Dev. Servs. v Zoning Bd. of Appeals* (67 NY2d 702).

We agree with the Supreme Court that the determination to deny the petitioner's application has a rational basis and is supported by substantial evidence in the record *(see, Matter of Doyle v Amster*, 79 NY2d 592, 596, *supra; see also, Matter of Fuhst v Foley*, 45 NY2d 441, 445; *Matter of Cowan v Kern*, 41 NY2d 591, 599; *Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 315). We note, in particular, that the evidence supports the conclusion that any economic hardship suffered by the petitioner, a builder, was self-created as part of a conscious decision. We also note that the case of *Fulling v Palumbo (supra)* relied upon by the respondents in assessing whether the petitioner had demonstrated significant economic

injury, has since been overruled, and that the current standard for demonstrating such economic injury is, from the point of view of the landowner, more stringent *(see, Matter of Doyle v Amster, supra,* at 596).

We conclude that the determination under review was properly confirmed, both pursuant to the five criteria outlined in the Town Law § 267-b (3) (b) and pursuant to the previously existing case law which had evolved as a result of efforts to define the "practical difficulty" standard *(see, e.g., Matter of Doyle v Amster, supra,* at 595; *Matter of Fuhst v Foley, supra; Conley v Town of Brookhaven Zoning Bd. of Appeals, supra).* At least in respect to their application to the facts of this particular case, we discern no appreciable difference between the newly enacted standard (Town Law § 267-b [3] [b]) and the familiar "practical difficulty" standard.

We also conclude that the petitioner failed to prove that the application to his property of the local zoning ordinance under review constituted an unconstitutional "taking" of his property without compensation *(see, Matter of Kransteuber v Scheyer,* 176 AD2d 724, *affd* 80 NY2d 783).

Accordingly, the judgment appealed from is affirmed. Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.