■ In the Matter of ELIZABETH M. YOUNG, as Executrix of GRACE M. SHERWOOD, Deceased, Appellant, v BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents. [599 NYS2d 632] —In a hybrid proceeding and action, (1) pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Garden City, dated August 22, 1990, which, after a hearing, denied the petitioner's application for area variances, and (2) for a judgment declaring the relevant provisions of the Code of the Incorporated Village of Garden City unauthorized and illegal as applied to the subject property, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered April 29, 1991, which confirmed the determination, dismissed the petition, and found that there was no violation of the petitioner's constitutional rights.

Ordered that the judgment is affirmed, with costs.

The petitioner is the executrix of an estate which owns residential property in the Incorporated Village of Garden City. Grace D. B. Sherwood, the mother of the testatrix, purchased the front half of the property (Lots 36, 37) in 1934, and in 1937 she purchased the back half of the property (Lots 45, 46). Since that time, a residence has existed on the southeast lot. The property passed entirely to Grace Mortimer Sherwood and upon her death in 1988 vested in her estate.

In 1990, the petitioner sought variances to permit her to subdivide the existing plot into two 18,000 square foot parcels, each 75.05 feet wide and 240 feet deep. The sideyards for the parcel with the preexisting structure would be 5 feet on the east and 13.9 feet on the west, totalling 18.9 feet. As the subject property is in an R-12 district, all parcels must have a lot area of 12,000 square feet, 100 feet of frontage and, for sideyards, a minimum on each side of 15 feet and a total, for both sides, of at least 35 feet. Therefore, in order to execute the proposed subdivision and construct another residence, the petitioner required width variances for both plots and sideyard variances for the plot with the existing structure.

It is axiomatic that local zoning boards have discretion in considering applications for variances, and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Accordingly, a zoning board's determination will be sustained if it has a rational basis and is supported by substantial evidence *(see, Matter of Doyle v Amster,* 79 NY2d 592, 595-596; *Matter of Fuhst v Foley, supra,* at 444; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702; *Matter of Brous v Planning Bd.,* 191 AD2d 553).

In order to justify the granting of an area variance, the applicant bears the burden of demonstrating that strict compliance with the zoning ordinance will result in practical difficulty to the property owner *(see, Matter of Doyle v Amster, supra; Matter of Fuhst v Foley, supra; Matter of Brous v Planning Bd., supra).* " 'Practical difficulty', while not subject to precise definition, may be established generally by proof that a property owner cannot utilize the property without violating zoning ordinance restrictions" *(Matter of Doyle v Amster, supra,* at 595; *see also, Matter of Fuhst v Foley, supra,* at 445). In determining whether to grant an area variance, the following factors have been considered significant: "(1) significant economic injury * * * (2) the magnitude of the desired area variance sought since the greater the deviation the more likely it is that the impact on the community will be severe * * * (3) whether the 'difficulty' alleged by the applicant was self-created * * * and (4) whether the alleged difficulty may be avoided by means other than a variance, which may be feasibly pursued by the applicant" *(Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140).

In support of her claim that strict adherence to the zoning

restrictions would result in practical difficulties, the petitioner relies upon, in part, the decreased market value resulting from the zoning restrictions and the disproportionate tax burden shouldered by the estate as compared with the tax burden of the neighboring parcels. However, in measuring significant economic injury, the focus is on "the value of the property as presently zoned, not the value the property would have if the variance were granted" *(Matter of Doyle v Amster, supra,* at 596).

Moreover, the petitioner failed to show that as a practical matter, the property could not be utilized without coming into conflict with the applicable zoning ordinances *(see, Matter of Doyle v Amster, supra; Matter of Fuhst v Foley, supra).* Even without the requested variances, the property owner is able to use the residence that has been in existence for over 50 years *(see, Matter of Malhotra v Town of Brookhaven,* 185 AD2d 817; *Matter of Giannattasio v Ganser,* 174 AD2d 567; *Matter of Kreuter v Zoning Bd. of Appeals,* 174 AD2d 569).

The petitioner failed to carry her burden of showing beyond a reasonable doubt that the estate has been deprived of any reasonable use of the property *(see, Matter of Kransteuber v Scheyer,* 80 NY2d 783; *Dauernheim, Inc. v Town Bd.,* 33 NY2d 468, 472). The petitioner's additional argument that the zoning ordinance was not enacted in conformity with a comprehensive plan *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121) is unsupported by the record.

Finally, any confidential communications between the board and its counsel, at which time counsel allegedly advised the Board of the legal issues involved in the determination of the variance application, were exempt from the provisions of the Open Meetings Law *(see,* Public Officers Law §§ 103, 108 [3]). Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.