■ David J. Monroe, Appellant, v Schenectady County et al., Respondents. [699 NYS2d 164] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kramer, J.), entered March 19, 1999 in Schenectady County, which granted defendants' motion to dismiss the first through sixth and ninth causes of action of the complaint for, *inter alia,* failure to state a cause of action.

This action by plaintiff is for damages as a result of plaintiff's termination in July 1994 from his employment as a correction lieutenant with the Schenectady County Sheriff's Department. This appeal brings up for review the propriety of Supreme Court granting defendant's motion pursuant to CPLR 3211 dismissing plaintiff's seven remaining causes of action.*

Plaintiff had achieved the rank of correction lieutenant with the Sheriff's Department, a permanent appointment under the

---

of the insurer, or with the approval of the court, or where the amount of such settlement exceeds fifty thousand dollars."

* Two causes of action, the seventh and eighth, were discontinued on consent.

Civil Service Law. Plaintiff's position was subject to a collective bargaining agreement between defendant Schenectady County, the Sheriff's Department, the Schenectady County Sheriff's Benevolent Association Local 3874 and Council 82, AFSCME, AFL-CIO. Article 13 of the agreement provides that a covered employee cannot be disciplined without just cause and without service of a written notice of disciplinary action which sets out the reasons for any discipline. The agreement also provides that a covered employee may appeal any disciplinary action to defendant Schenectady County Sheriff and, if not satisfied, file a formal grievance with the Public Employment Relations Board culminating in binding arbitration.

On June 20, 1994 plaintiff was summoned by the Sheriff to his office and placed on "administrative" leave. Plaintiff was asked to resign but declined to do so. On July 19, 1994 he was served with a written notice of disciplinary action, dated July 15, 1994, to terminate his employment as a correction lieutenant which alleged that plaintiff was guilty of sexual harassment of a Schenectady police officer and that he had endangered the security of the County Jail by playing ping-pong and smoking.

Plaintiff timely challenged his termination and demanded arbitration. Settlement offers were made to plaintiff which offered a demotion to a lower grade as a correction officer and reinstatement to the Sheriff's Department as of January 8, 1995 without restoration of any pay or benefits lost.

In a meeting in December 1994, sought by defendant Schenectady County Undersheriff, who met with plaintiff and two union representatives, plaintiff rejected the settlement offer. The Undersheriff, in a private meeting with plaintiff, attended by the Sheriff, as well, advised plaintiff that if he should win arbitration, charges alleging consorting with a prostitute, having sex with her and his presence when she purchased cocaine would be lodged against him and would be revealed to the press. At this point, plaintiff agreed to withdraw his grievance and accepted the settlement offer which he executed on January 6, 1995.

A lawsuit was commenced by plaintiff in July 1995 in Federal court alleging a deprivation of due process under the 14th Amendment of the US Constitution. This action was dismissed, the court finding that plaintiff had an adequate remedy for his due process violations in a CPLR article 78 proceeding and declining to exercise jurisdiction over plaintiff's State law claims. Plaintiff then initiated the instant action. After issue was joined, defendants moved to dismiss the action pursuant

to CPLR 3211. Supreme Court granted the motion and this appeal ensued.

Plaintiff urges that Supreme Court erred in dismissing his first cause of action for wrongful termination, his second cause of action seeking rescission of the written stipulation of settlement and his third cause of action asserting intentional infliction of emotional distress which is based on the acts of defendants which culminated in the settlement agreement. The court held that plaintiff's exclusive remedy was to challenge his termination in the grievance procedures set forth in the collective bargaining agreement or in a CPLR article 78 proceeding.

Plaintiff, relying on article 16 of the collective bargaining agreement which guarantees an employee the right to present grievances free from coercion, contends that he may maintain a plenary action to enforce the collective bargaining agreement because his employer repudiated the agreement by coercing plaintiff into entering into a settlement. We disagree. Plaintiff has failed to show a repudiation by the employer of the collective bargaining agreement. He, as well as his union representative, signed the settlement agreement which states that it is plaintiff's desire to waive any objections under contract law or any statute, rule or regulation of any kind. Plaintiff also acknowledged that there were no other promises, representations or agreements which induced him to agree to the settlement and, further, that the settlement was voluntarily entered into after obtaining the advice of counsel or union representatives. Plaintiff clearly abandoned the arbitration procedures. Based on the settlement document, plaintiff's causes of action based on coercion, right to rescission and intentional infliction of emotional distress were properly dismissed. His remedy outside the grievance procedure was pursuant to CPLR article 78 (*see, Feraca v Town of Esopus*, 63 AD2d 771), which plaintiff failed to utilize.

Plaintiff's fourth and sixth cause of action claiming denial of due process under NY Constitution, article I, § 6, and his fifth cause of action, claiming a denial of the right to bargain collectively in violation of NY Constitution, article I, § 17, were also properly dismissed. No lack of due process was established. Plaintiff's remedies provided adequate recourse had he elected to pursue them either under the collective bargaining agreement or under a CPLR article 78 proceeding to challenge defendants' actions. Plaintiff's cause of action alleging deprivation of the right to organize and to bargain collectively were also properly dismissed for the same reasons. We note too that

plaintiff's constitutional claims were not interposed until July 8, 1998 and are barred also for failure to comply with General Municipal Law § 50-i.

Plaintiff's ninth cause of action for defamation is based on defendants' intention to pursue further disciplinary action against plaintiff based on his alleged connection with a prostitute. Plaintiff alleges that the defamatory words were published by the Sheriff to County officials and disseminated throughout the Sheriff's Department by the placing of a note about the event in plaintiff's file.

It is obvious that the Sheriff was acting wholly within the scope of his duties (as alleged in plaintiff's complaint) in publishing the charges in a disciplinary action and thus was protected by an absolute privilege providing him immunity from a suit for defamation (see, Mahoney v Temporary Commn. of Investigation, 165 AD2d 233). Therefore, this cause of action was properly dismissed as well.

Mercure, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.