# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**150**

**CA 14-01064**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ZANE T. BROWN AND JENNIFER C.
BROWN, PETITIONERS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

KIMBERLY FEEHAN, TOWN OF CORNING SUPERVISOR,
DYLAN DEWERT, TOWN OF CORNING HIGHWAY
SUPERINTENDENT AND TOWN BOARD OF TOWN OF CORNING,
RESPONDENTS-RESPONDENTS.

---

ROBERT D. SIGLIN, ELMIRA, FOR PETITIONERS-APPELLANTS.

RONALD A. YORIO, TOWN ATTORNEY, PAINTED POST (JOHN C. TUNNEY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered August 21, 2013 in a CPLR article 78 proceeding. The judgment, among other things, denied petitioners' application for an award of costs and attorney's fees.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners own a parcel of property together with an easement over adjacent property, which was "for the purpose of ingress and egress to and from" a certain road. In the summer of 2012, petitioners attempted to obtain permission to construct a driveway on that easement from respondents. Following a closed session meeting, respondent Town Board of the Town of Corning (Town Board) refused to issue a determination on petitioners' driveway application and, thereafter, petitioners commenced a CPLR article 78 proceeding seeking to compel respondents to make a determination regarding petitioners' application for a driveway permit and seeking review of, inter alia, the issue whether the Town Board failed to comply with the Open Meetings Law (Public Officers Law art 7). In lieu of answering, respondents sought dismissal of the CPLR article 78 petition, contending, inter alia, that petitioners had failed to join Uwe Zink and Mechtild Zink, the owners of the servient estate, as necessary parties. Supreme Court agreed with respondents and issued an order denying, without prejudice, "[p]etitioners' motion to compel" and directing that, unless petitioners served a supplemental summons and amended complaint on all necessary parties, the "action [would] be dismissed without prejudice." Petitioners did not appeal from that order but, rather, filed and served an amended CPLR article 78

petition/declaratory judgment complaint on respondents and the Zinks.

It is undisputed that the parties resolved all issues concerning the driveway and that petitioners have since constructed a driveway on their easement. Petitioners, however, continued with that portion of the CPLR article 78 proceeding that sought costs and attorney's fees based on respondents' alleged violation of the Open Meetings Law. We conclude that the court properly refused to award petitioners costs and attorney's fees.

It is well settled that "[e]very meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with [section 105]" (Public Officers Law § 103 [a]; *see Matter of Zehner v Board of Educ. of Jordan-Elbridge Cent. Sch. Dist.*, 91 AD3d 1349, 1349-1350). While an executive session may be called to discuss, inter alia, "proposed, pending or current litigation" (§ 105 [1] [d]), the public body may do so only upon a majority vote of its membership and after "identifying the general area or areas of the subject or subjects to be considered" (§ 105 [1]). There is no dispute that section 105 (1) does not extend to communications between a town board and its counsel, but section 108 (3) provides in relevant part that "[n]othing contained in [the Open Meetings Law] shall be construed as extending the provisions hereof to . . . any matter made confidential by federal or state law." "[S]ince communications made pursuant to an attorney-client relationship are considered confidential under the [CPLR] . . . , communications between a . . . board . . . and its counsel, in which counsel advises the board of the legal issues involved in the determination of a[n] . . . application, are exempt from the provisions of the Open Meetings Law" (2 NY Jur 2d, Administrative Law § 103; *see Matter of Young v Board of Appeals of Inc. Vil. of Garden City*, 194 AD2d 796, 798; *see generally* CPLR 4503 [a] [1]). "When an exemption [under section 108] applies, the Open Meetings Law does not, and the requirements that would operate with respect to executive sessions are not in effect. Stated differently, to discuss a matter exempted from the Open Meetings Law, a public body need not follow the procedure imposed by § 105 (1) that relates to entry into an executive session" (Comm on Open Govt OML-AO-o2946).

It is undisputed that, several weeks before the Town Board met in closed session to discuss petitioners' driveway application, petitioners' attorney sent the Town Attorney a letter to "reach out to [him] before filing any type of lawsuit against the Town." Petitioners' attorney demanded that respondents make a determination on the pending driveway application and stated that "further indecision by [respondents] will ensure they are named in any future lawsuit." We thus agree with respondents that the attorney-client exemption applies and that the court properly determined that there was no violation of the Open Meetings Law (*see e.g.* Comm on Open Govt OML-AO-o3012, o2946, o2510).

In any event, even assuming, arguendo, that there was a technical violation of the Open Meetings Law, we conclude that the court did not abuse its discretion in refusing to award costs and attorney's fees to

petitioners.  Public Officers Law § 107 (2) provides that, "[i]n any proceeding brought pursuant to this section, costs and reasonable attorney['s] fees may be awarded by the court, in its discretion, to the successful party.  If a court determines that a vote was taken in material violation of this article, or that substantial deliberations relating thereto occurred in private prior to such vote, the court shall award costs and reasonable attorney's fees to the successful petitioner, unless there was a reasonable basis for a public body to believe that a closed session could properly have been held."  Even if we were to assume that a vote or substantial deliberations relating to such a vote occurred during the closed session, we would nevertheless conclude that the Town Board had a reasonable basis to believe that a closed session was proper pursuant to either Public Officers Law § 105 (1) (d) or § 108 (3) (*see* § 107 [2]; *Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404, 405-406, *lv denied* 84 NY2d 811).

Petitioners failed to preserve for our review their remaining procedural contentions (*see Matter of Dailey v Allerton*, 216 AD2d 865, 867; *see also Matter of City of Buffalo v Buffalo Police Benevolent Assn.*, 280 AD2d 895, 895; *see generally* CPLR 5501 [a] [3]), and their contention that the court erred in requiring them to add the Zinks as necessary parties is moot because any judicial determination whether such action was proper "would have no practical effect on any party before the court" (*Heights 75 Owners Corp. v Smith*, 135 AD2d 680, 682; *see Matter of Mehta v New York City Dept. of Consumer Affairs*, 162 AD2d 236, 237; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).  Petitioners' contention does not fall within the exception to the mootness doctrine (*see Hearst Corp.*, 50 NY2d at 714-715; *cf. Matter of Save the Pine Bush v City of Albany*, 141 AD2d 949, 951-952, *lv denied* 73 NY2d 701; *Matter of Calabrese v Tomlinson*, 106 AD2d 843, 844).

Entered:  February 13, 2015                Frances E. Cafarell
                                           Clerk of the Court