Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist. (2022 NY Slip Op 00772)





Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist.


2022 NY Slip Op 00772


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


849 CA 21-00329

[*1]JOSEPH SINDONI, PLAINTIFF-RESPONDENT,
v
BOARD OF EDUCATION OF SKANEATELES CENTRAL SCHOOL DISTRICT AND SKANEATELES CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered February 16, 2021. The judgment, among other things, granted plaintiff's motion insofar as it sought a preliminary injunction. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by denying the motion in part and vacating the first decretal paragraph, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, Board of Education of Skaneateles Central School District (Board) and Skaneateles Central School District (District), seeking, inter alia, declaratory and injunctive relief arising from alleged violations of the Open Meetings Law (Public Officers Law art 7) and of plaintiff's civil rights pursuant to 42 USC § 1983. Plaintiff, who had previously been appointed by the Board as the District's varsity high school football coach, was notified shortly after a closed session meeting of the Board on January 5, 2021, that his appointment to that position would not be renewed. Plaintiff moved by order to show cause seeking, in effect, summary judgment on the first cause of action declaring that the executive session conducted by the Board was illegal and that the action taken during that session was void and also seeking, inter alia, a preliminary injunction with respect to the second and third causes of action enjoining defendants from terminating plaintiff until a constitutionally sufficient notice of charges was provided along with an opportunity to be heard. Supreme Court granted the motion in part by, inter alia, granting partial summary judgment declaring that the executive session violated the Public Officers Law and that the action taken during that session was void (first decretal paragraph), and by granting the preliminary injunction (second decretal paragraph). Defendants appeal.
While the appeal was pending, plaintiff resigned from his coaching position and moved in this Court to dismiss defendants' appeal as moot in light of his resignation. We granted plaintiff's motion to dismiss the appeal insofar as it sought to dismiss the portion of the appeal relating to the second decretal paragraph, but otherwise denied that motion.
We agree with defendants that the court erred in granting the relief in the first decretal paragraph, which effectively granted plaintiff's request for summary judgment as to his first cause of action. Even assuming, arguendo, that such relief was available at this stage of the proceedings (cf. Pitts v City of Buffalo, 298 AD2d 1003, 1004 [4th Dept 2002]), we agree with defendants that plaintiff failed to establish that he is entitled to relief under Public Officers Law § 107.
It is well settled that "[e]very meeting of a public body shall be open to the general [*2]public, except that an executive session of such body may be called and business transacted thereat in accordance with [section 105]" (Public Officers Law § 103 [a]; see Matter of Zehner v Board of Educ. of Jordan-Elbridge Cent. School Dist., 91 AD3d 1349, 1349-1350 [4th Dept 2012]). While an executive session may be called to discuss, inter alia, "matters leading to the appointment, employment, promotion, demotion, discipline, suspension, dismissal or removal of a particular person" (§ 105 [1] [f]), the public body may do so only upon a majority vote of its membership and after "identifying the general area or areas of the subject or subjects to be considered" (§ 105 [1]). However, section 108 (3) clarifies that "[n]othing contained in [the Open Meetings Law] shall be construed as extending the provisions hereof to . . . any matter made confidential by federal or state law." Because "communications made pursuant to an attorney-client relationship are considered confidential under the [CPLR] . . . , communications between a . . . board . . . and its counsel, in which counsel advises the board of the legal issues involved in [a] determination . . . , are exempt from the provisions of the Open Meetings Law" (Matter of Brown v Feehan, 125 AD3d 1499, 1501 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Young v Board of Appeals of Inc. Vil. of Garden City, 194 AD2d 796, 798 [2d Dept 1993]; see generally CPLR 4503 [a] [1]). "When an exemption [under section 108] applies, the Open Meetings Law does not, and the requirements that would operate with respect to executive sessions are not in effect. Stated differently, to discuss a matter exempted from the Open Meetings Law, a public body need not follow the procedure imposed by § 105 (1) that relates to entry into an executive session" (Brown, 125 AD3d at 1501 [internal quotation marks omitted]).
There is no dispute that, during the closed session on January 5, 2021, the Board and the District superintendent met with the District's counsel seeking legal advice "regarding the [p]laintiff's legal employment status, employment rights, [and] the process for appointing school employees." We thus agree with defendants that the attorney-client exemption applies and that the court erred in determining that there was a violation of the Open Meetings Law (see id.; Young, 194 AD2d at 798). Moreover, even assuming, arguendo, that there was a technical violation of the Open Meetings Law, we conclude that the court erred in determining that the violation required annulment of the Board's action during the closed session inasmuch as plaintiff failed meet his "burden to show good cause warranting judicial relief" (Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, 224 AD2d 15, 30 [4th Dept 1996], appeal dismissed 89 NY2d 860 [1996], lv denied 89 NY2d 811 [1997]; see Public Officers Law § 107 [1]; Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]). We therefore modify the judgment by denying the motion in part and vacating the first decretal paragraph.
All concur except DeJoseph, J., who is not participating.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court