Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist. (2023 NY Slip Op 03102)

Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist.

2023 NY Slip Op 03102

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

163 CA 22-01439

[*1]JOSEPH SINDONI, PLAINTIFF-RESPONDENT,
v
BOARD OF EDUCATION OF SKANEATELES CENTRAL SCHOOL DISTRICT AND SKANEATELES CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. 

BOND, SCHOENECK & KING, PLLC, SYRACUSE (KATE I. REID OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CHERUNDOLO LAW FIRM PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered July 5, 2022. The order, inter alia, denied the motion of defendants seeking summary judgment dismissing the second cause of action, and seeking to dismiss the third cause of action pursuant to CPLR 3211 (a) (7). 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion, dismissing the second and third causes of action, and granting judgment to defendants on the first cause of action as follows:
ws: It is ADJUDGED and DECLARED that the executive session conducted by defendant Board of Education of Skaneateles Central School District prior to its public meeting on January 5, 2021 was not in violation of Public Officers Law § 100, and as modified the order is affirmed without costs.
Memorandum: Plaintiff brought this action against defendants, Board of Education of Skaneateles Central School District (Board) and Skaneateles Central School District (District), asserting causes of action in the second amended complaint (complaint) for violations of the Open Meetings Law (Public Officers Law art 7) (first cause of action), violations of plaintiff's civil rights pursuant to 42 USC § 1983 (second cause of action), and defamation (third cause of action). Plaintiff, who had previously been appointed by the Board as the District's varsity high school football coach, was notified shortly after a closed session meeting of the Board on January 5, 2021 that his appointment to that position would not be renewed. Plaintiff moved, in effect, for summary judgment seeking a declaration in his favor on the first cause of action and for, among other things, a preliminary injunction (underlying motion). Supreme Court granted that motion in part by, inter alia, granting partial summary judgment declaring that the executive session violated the Public Officers Law and that the action taken during that session was void, and by granting a preliminary injunction enjoining the District from terminating plaintiff's employment as the District's varsity football coach until a constitutionally sufficient notice of charges was provided along with an opportunity to be heard. On a prior appeal, defendants appealed from the ensuing judgment and, while the appeal was pending, plaintiff voluntarily resigned and moved in this Court to dismiss defendants' appeal as moot in light of his resignation. We granted plaintiff's motion to dismiss the appeal insofar as it sought to dismiss the portion of the appeal relating to the preliminary injunction, and modified the judgment by denying that part of the underlying motion seeking a declaration with respect to the first cause of action and vacating the declaration because plaintiff failed to establish that he was entitled to relief under Public Officers Law § 107 [*2](Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 202 AD3d 1457, 1458-1459 [4th Dept 2022]).
Defendants thereafter moved for summary judgment seeking dismissal of the second cause of action pursuant to CPLR 3212 and dismissal of the third cause of action for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Plaintiff cross-moved for summary judgment on the first cause of action. The court denied the motion and cross-motion, and defendants now appeal.
Initially, we agree with defendants that the court erred in denying that part of their motion seeking summary judgment with respect to the second cause of action, i.e., the "stigma-plus" cause of action pursuant to 42 USC § 1983. We therefore modify the order accordingly. Plaintiff alleged that the District's decision to not renew plaintiff's appointment as varsity football coach for the spring of 2021 occurred contemporaneously with the circulation of a letter to the community that, according to the complaint, implicitly accused plaintiff of "disregard[ing] COVID-19 precautions and recklessly expos[ing] students to the virus." Plaintiff further alleged that those actions deprived him of a protected liberty interest without due process of law as guaranteed by the NY and US Constitutions. A stigma-plus cause of action requires a plaintiff to establish "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights" (Sadallah v City of Utica, 383 F3d 34, 38 [2d Cir 2004] [internal quotation marks omitted]; see Segal v City of New York, 459 F3d 207, 212 [2d Cir 2006]; Velez v Levy, 401 F3d 75, 87 [2d Cir 2005]). Because a defamatory statement, standing alone, does not amount to a constitutional deprivation, "the 'plus' imposed by the defendant[s] must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment" (Velez, 401 F3d at 87-88; see Patterson v City of Utica, 370 F3d 322, 330 [2d Cir 2004]; Donato v Plainview-Old Bethpage Cent. Sch. Dist., 96 F3d 623, 630 [2d Cir 1996], cert denied 519 US 1150 [1997]).
Here, defendants met their initial burden on that part of the motion with respect to the stigma-plus cause of action by submitting evidence demonstrating that plaintiff did not suffer a material state-imposed burden or state-imposed alteration of his status or rights (see generally Patterson, 370 F3d at 332). The unrefuted evidence established that the court granted plaintiff a preliminary injunction, resulting in the renewal of his appointment, and that plaintiff remained in his position as varsity football coach until he voluntarily resigned in November 2021. Although there was a period during which defendants told plaintiff that his appointment would not be renewed, we conclude that "[i]t cannot, as a matter of law, be viewed as a significant alteration of plaintiff's employment status when, in fact, he was quickly hired back in the same position from which he was supposedly fired" (id.). Indeed, " '[b]rief interruption[s]' of work do not give rise to a Due Process claim" (Hu v City of New York, 927 F3d 81, 102 [2d Cir 2019], quoting Conn v Gabbert, 526 US 286, 292 [1999]; see Barzilay v City of New York, 610 F Supp 3d 544, 614-615 [SD NY 2022]). Plaintiff failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further agree with defendants that the court erred in denying their motion insofar as it sought to dismiss the third cause of action because the allegedly defamatory statements were absolutely privileged. We therefore further modify the order accordingly. The absolute privilege defense affords complete immunity from liability for defamation to "an official [who] is a principal executive of State or local government . . . with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Clark v McGee, 49 NY2d 613, 617 [1980] [internal quotation marks omitted]). "The first prong of that test . . . [requires an examination of] the personal position or status of the speaker," and "the second prong . . . requires an examination of the subject matter of the statement and the forum in which it is made in the light of the speaker's public duties" (Doran v Cohalan, 125 AD2d 289, 291 [2d Dept 1986], lv dismissed 69 NY2d 984 [1987]).
Here, the complaint alleges that the District superintendent, whose role included termination of employees like plaintiff, circulated the allegedly defamatory letter. A school superintendent is a principal executive whose statements may be protected by absolute privilege (see Santavicca v City of Yonkers, 132 AD2d 656, 656-657 [2d Dept 1987]). Further, based on [*3]the allegations in the complaint, we conclude that "the [superintendent] was acting wholly within the scope of his duties" when making the relevant statements (Monroe v Schenectady County, 266 AD2d 792, 795 [3d Dept 1999]). The complaint alleges that there was press coverage of the incidents that led up to the Board's decision not to renew plaintiff's appointment, and that the District "received a significant number of calls, e-mails and letters" regarding that decision. Inasmuch as the subjects at issue "became a matter of public attention and controversy, [the superintendent]'s form of communication, i.e., [a letter to the community], was warranted" (Spring v County of Monroe, 169 AD3d 1384, 1386 [4th Dept 2019]). Issuance of the letter was therefore "sufficiently related to the performance of [the superintendent]'s duties" such that "the statements made therein were absolutely privileged" and the third cause of action must be dismissed (Metrosearch Recoveries, LLC v City of New York, 169 AD3d 512, 512 [1st Dept 2019], lv denied 33 NY3d 910 [2019]; see Monroe, 266 AD2d at 795; see also Spring, 169 AD3d at 1386).
Defendants did not move for summary judgment with respect to the first cause of action, which alleges violations of Public Officers Law § 107. However, "CPLR 3212 (b) permits us to search the record and to grant summary judgment to a nonmoving party where . . . it appears that a nonmoving party is entitled to such relief" (Cagnina v Onondaga County, 90 AD3d 1626, 1627 [4th Dept 2011]; see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110 [1984]; Allington v Templeton Found., 167 AD3d 1437, 1441 [4th Dept 2018]). As noted in our prior decision, "[t]here is no dispute that, during the closed session on January 5, 2021, the Board and the District superintendent met with the District's counsel seeking legal advice 'regarding the [p]laintiff's legal employment status, employment rights, [and] the process for appointing school employees' " (Sindoni, 202 AD3d at 1459). We therefore concluded that "the court erred in determining that there was a violation of the Open Meetings Law" inasmuch as it appeared that the attorney-client exemption applied to the closed session (id.; see Matter of Brown v Feehan, 125 AD3d 1499, 1501 [4th Dept 2015]; see generally CPLR 4503 [a] [1]).
On his cross-motion seeking summary judgment on the first cause of action, plaintiff submitted the affidavit of an attendee at the closed session, whose account of that meeting was largely consistent with the accounts provided in the affidavits submitted by defendants in opposition. The account of the meeting as described in the affidavit submitted by plaintiff differed only in asserting that, after the District's counsel provided preliminary legal advice, there was "a lengthy discussion" and a "roll call" of the attendees regarding plaintiff's employment status. It is well settled that the attorney-client privilege encompasses not only confidential communications from client to attorney but also from attorney to client (see Rossi v Blue Cross and Blue Shield of Greater N.Y., 73 NY2d 588, 594 [1989]). Moreover, "[s]o long as [a] communication is primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters" (id.). Here, the District's counsel averred that she was continuously responding to the participants' discussion during the closed session and that the participants were, in turn, "incorporat[ing] the legal advice [she] had given to the Board earlier in the meeting." Inasmuch as "it is plain" from that description that the communication "was for the purpose of facilitating the lawyer's rendition of legal advice to [her] client[s]" (id.), and inasmuch as the affidavit submitted by plaintiff is not inconsistent with counsel's description, we conclude that the entire closed session consisted of "communications made pursuant to an attorney-client relationship," and that the closed session was thus "exempt from the provisions of the Open Meetings Law" (Brown, 125 AD3d at 1501 [internal quotation marks omitted]).
"[I]n view of the uncontroverted proof in the record, there is no basis upon which relief might be granted to plaintiff" under Public Officers Law § 107 (Five Star Bank v CNH Capital Am., LLC, 55 AD3d 1279, 1282 [4th Dept 2008] [internal quotation marks omitted]), and we therefore search the record pursuant to CPLR 3212 (b) and grant summary judgment in defendants' favor.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court