Matter of McCrory v Village of Mamaroneck Bd. of Trustees (2024 NY Slip Op 04324)

Matter of McCrory v Village of Mamaroneck Bd. of Trustees

2024 NY Slip Op 04324

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-04500
 (Index No. 2529/19)

[*1]In the Matter of Suzanne McCrory, appellant, 
v
Village of Mamaroneck Board of Trustees, et al., respondents.

Suzanne J. McCrory, suing herein as Suzanne McCrory, Mamaroneck, NY, appellant pro se.
Abrams Fensterman LLP, White Plains, NY (Robert A. Spolzino, sued herein as Robert Spolzino, pro se and Mark Goreczny of counsel), for respondents Village of Mamaroneck Board of Trustees and Robert Spolzino.
McCarthy Fingar, LLP, White Plains, NY (Lori Lee Dickson and James K. Landau of counsel), for respondent Westchester Joint Water Works No. 1.
Falcon Rappaport & Berkman LLP (Litchfield Cavo, LLP, New York, NY [Angela M. Stenroos and Joseph Dimitrov], of counsel), for respondent Edgewater Point Property Owners Association, Inc.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Village of Mamaroneck Board of Trustees approving payment for repairs to a certain water line and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated May 18, 2021. The order and judgment, insofar as appealed from, (1) granted the motion of the respondents/defendants Village of Mamaroneck Board of Trustees and Robert Spolzino pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against them, (2) granted the motion of the respondent/defendant Westchester Joint Water Works No. 1 pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it, (3) granted the motion of the respondent/defendant Edgewater Point Property Owners Association, Inc., pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it, to cancel a notice of pendency filed by the petitioner/plaintiff, and for an award of costs and sanctions, (4) awarded costs to each of the respondents/defendants, and (5), in effect, denied the petition and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents/defendants appearing separately and filing separate briefs.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 to annul a determination of the respondent/defendant Village of Mamaroneck Board of Trustees (hereinafter the Board of Trustees) approving payment to the respondent/defendant Westchester Joint Water Works No. 1 (hereinafter the Water Works) for the cost of repairing or replacing a certain water line located in the Village and action for related [*2]declaratory relief. The petitioner contended that the Board of Trustees acted improperly in approving payment for the repair or replacement of the water line because the water line was allegedly privately owned.
The Board of Trustees and the respondent/defendant Robert Spolzino, the attorney for the Board of Trustees, moved pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against them. The Water Works moved pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it. The respondent/defendant Edgewater Point Property Owners Association, Inc. (hereinafter Edgewater), moved pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it, to cancel a notice of pendency filed by the petitioner, and for an award of costs and sanctions against the petitioner for filing an improper notice of pendency and for frivolous and harassing behavior. In an order and judgment dated May 18, 2021, the Supreme Court, inter alia, granted the separate motions of the Board of Trustees and Spolzino, the Water Works, and Edgewater, and, in effect, denied the petition and dismissed the proceeding/action. With respect to Edgewater's request for costs and sanctions, the court "award[ed] attorney's fees for the cost of challenging the notice of pendency." Separate and apart from the award of attorneys' fees to Edgewater, the court awarded costs to each of the respondents/defendants. The petitioner appeals.
As the Supreme Court properly determined, the petitioner, a private citizen, lacked standing to assert the first, second, and third causes of action. In these causes of action, the petitioner alleged, among other things, that in agreeing to pay for repairs or replacement of the water line, the Board of Trustees violated the Gift or Loan Clause of the New York Constitution (NY Const, art VIII, § 1), and that the Village improperly "paid claims for a project for which no appropriation or bonding had been established." Generally, to establish standing to challenge governmental action, a party must show that it will "suffer direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774), and that "the in-fact injury of which it complains . . . falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (id. at 773, quoting Lujan v National Wildlife Federation, 497 US 871, 883; see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433; Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942, 944-945). "Thus, a private citizen who does not show any special rights or interests in the matter in controversy, other than those common to all taxpayers and citizens, has no standing to sue" (Diederich v Rockland County Police Chiefs' Assn., 33 AD3d 653, 654; see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d at 944). The mere fact that an issue may be "of vital public concern" does not entitle a party to standing (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 769 [internal quotation marks omitted]; see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d at 945). Here, the petitioner failed to allege that she suffered "special damage, different in kind and degree from the community generally" (Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d at 433 [internal quotation marks omitted]; see Hogue v Village of Dering Harbor, 199 AD3d 904, 904; Diederich v Rockland County Police Chiefs' Assn., 33 AD3d at 654).
Further, contrary to the petitioner's contention, she failed to establish common-law taxpayer standing. Common-law taxpayer standing exists as "a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410 [internal quotation marks omitted]; see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d at 945). Here, the petitioner did not demonstrate that the failure to accord her standing in this matter would erect an impenetrable barrier to review (see Matter of Aklog v Town of Harrison, 219 AD3d 605, 607; Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d at 946; Matter of Seidel v Prendergast, 87 AD3d 545, 546).
In any event, the first, second, and third causes of action are time-barred. A proceeding pursuant to CPLR article 78 must be commenced within four months after the challenged determination becomes "final and binding" (RSTA Holdings, LLC v New York City Dept. of Parks & Recreation, 216 AD3d 826, 827; see CPLR 217[1]; Matter of Andrews v Incorporated Vil. of [*3]Freeport, 221 AD3d 809, 810). "A determination becomes final and binding . . . when the petitioner receives notice that the agency has reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]" (Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d 811, 811 [internal quotation marks omitted]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). Where a declaratory judgment cause of action is "directed toward review of an agency determination," the cause of action is governed by the four-month limitations period applicable to CPLR article 78 proceedings (Block 3066, Inc. v City of New York, 89 AD3d 655, 656; see Solnick v Whalen, 49 NY2d 224, 229-230; RSTA Holdings, LLC v New York City Dept. of Parks & Recreation, 216 AD3d at 827; Pebble Hill Bldg. Corp. v Madelik, 143 AD3d 684, 685).
Here, the determination at issue became final and binding no later than October 10, 2017, when the Board of Trustees finally approved the project to replace or repair the water line. On that date, the Board of Trustees "reached a definitive position on the issue that inflict[ed] actual, concrete injury," and that alleged injury could "not be prevented or significantly ameliorated by further administrative action or by steps available to" the petitioner (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34; see St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 788-789). The first, second, and third causes of action were untimely insofar as this proceeding/action was commenced on October 8, 2019, nearly two years after the determination at issue became final and binding (see Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 932-933; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d at 789).
With respect to the fourth cause of action, alleging a violation of the Open Meetings Law (Public Officers Law § 100 et seq.), the Supreme Court properly granted those branches of the respondents/defendants' separate motions which were to dismiss that cause of action insofar as asserted against each of them pursuant to CPLR 3211(a)(7). "In enacting the Open Meetings Law, the Legislature sought to ensure that 'public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy'" (Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528, quoting Public Officers Law § 100; see Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 181 AD3d 67, 70). As a general matter, "[e]very meeting of a public body shall be open to the general public," with certain exceptions for executive sessions (Public Officers Law § 103[a]; see Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 181 AD3d at 70). However, the statute specifically exempts "[a]ny matter made confidential by federal or state law" (Public Officers Law § 108[3]). Insofar as communications made pursuant to an attorney-client relationship are confidential under the CPLR (see id. § 4503), any communication wherein a board's counsel advises the board on legal issues related to a determination are exempt from the Open Meetings Law (see Public Officers Law § 108[3]; Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 202 AD3d 1457, 1458; Matter of Young v Board of Appeals of Inc. Vil. of Garden City, 194 AD2d 796, 798).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (Silverman v Nicholson, 110 AD3d 1054, 1055 [internal quotation marks omitted]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Further, a motion to dismiss pursuant to CPLR 3211(a)(7) "may be granted when exhibits attached to the complaint conclusively establish[ ] that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it" (McMahan v McMahan, 131 AD3d 593, 594 [internal quotation marks omitted]; see Roman Catholic Diocese [*4]of Brooklyn, N.Y. v Christ the King Regional High Sch., 149 AD3d 994, 995; Paino v Kaieyes Realty, LLC, 115 AD3d 656, 657).
Here, the petitioner challenged a meeting of the Board of Trustees on August 26, 2019. She specifically alleged that at that meeting, "members of the Board of Trustees left the meeting for 'advice of counsel' that lasted approximately 45 minutes" before the members returned and continued with the meeting. According to the minutes of the meeting attached to the petition/complaint, in response to the petitioner's contention at the meeting that the water line was not the responsibility of the Village, one of the members of the Board of Trustees requested an "Advice of Counsel session," and the Board of Trustees agreed to such a session. The minutes reflect that the Board of Trustees proceeded to confer in private with Spolzino or a deputy village attorney before returning to the open meeting. Notwithstanding the clarity of the minutes, the petitioner alleged, without elaboration, that this was not actually a conference with counsel for advice "but rather a secret discussion of how the trustees would handle payment." Under these circumstances, the Supreme Court correctly determined that the petitioner's speculative and conclusory allegation was flatly contradicted by the meeting minutes and that she has no cause of action alleging a violation of the Open Meetings Law (see Matter of Young v Board of Appeals of Inc. Vil. of Garden City, 194 AD2d 796; see also Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 202 AD3d at 1458).
Further, the Supreme Court properly granted dismissal of the petition/complaint insofar as asserted against Spolzino, the Board of Trustees' attorney, on the ground that, "[g]enerally, an action against an attorney by a nonclient third party will not lie" (Singer v Whitman & Ransom, 83 AD2d 862, 863; see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1137). Although there is an exception where a third party is injured "as a consequence of the attorney's wrongful or improper exercise of authority, or where the attorney has committed fraud or collusion or a malicious or tortious act" (Singer v Whitman & Ransom, 83 AD2d at 863), the petitioner did not allege that Spolzino improperly exercised his authority or that he committed fraud, collusion, or a malicious or tortious act. To the extent that the petitioner suggested a violation of the Rules of Professional Conduct, such a violation, by itself, does not give rise to a private cause of action against an attorney or law firm (see Doscher v Meyer, 177 AD3d 697, 699). Further, contrary to the petitioner's contention, Spolzino is not a necessary party (see generally CPLR 1001[a]).
The Supreme Court properly granted that branch of Edgewater's motion which was to cancel the notice of pendency filed by the petitioner. The relief sought by the petitioner would not affect the title to, or the possession, use, or enjoyment of, any real property (see id. § 6501; Whelan v Busiello, 219 AD3d 778, 780; 801-803, LLC v 805 Ninth Ave. Realty Group, LLC, 188 AD3d 478). Further, under the circumstances present here, the court providently exercised its discretion in granting that branch of Edgewater's motion which was for an award of costs and sanctions against the petitioner pursuant to 22 NYCRR 130-1.1(a) by "award[ing] attorney's fees for the cost of challenging the notice of pendency," on the ground that the petitioner's conduct in filing and litigating the notice of pendency was frivolous (see Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1040).
To the extent that the petitioner argues that the Supreme Court improvidently exercised its discretion in awarding costs to each of the respondents/defendants, her contention is without merit (see CPLR 8101; Fidelity Natl. Tit. Ins. Co. v Legend Abstract Corp., 171 AD3d 705, 705).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court